Luther A. ARMSTRONG, Jr., and Richard W. Crump, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 21, 1976.

Certiorari Denied by Supreme Court Feb. 14, 1977.

land M. McNabb and Michael S. Long, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

WALKER, Presiding Judge.

Luther A. Armstrong, Jr., was convicted of unlawful possession of a legend drug, methaqualone, and sentenced to 11 months and 29 days in the Shelby County jail or workhouse. In another case, Richard W. Crump was convicted of unlawful possession of LSD with intent to sell and sentenced to six to ten years in the penitentiary. In a third case, both were convicted of unlawful possession of marijuana with intent to sell with two- to five-year sentences imposed on them. They appeal in error from the three convictions, first challenging the sufficiency of the search warrant and its execution.

A search of the premises at 964 East Holmes in Memphis on August 10, 1973, resulted in seizure of the drugs introduced into evidence. When the state offered into evidence the affidavit to the search warrant, the defense counsel objected and argued it could only be marked for identification. The court sustained his objection and we have no search warrant in evidence for the appellants to attack. Nevertheless, we have considered their allegations as to the purported affidavit and find them without merit in any event.

■ The affidavit marked for identification recounts the personal observations of a reliable informant who had given other information to affiant in the past which had been found true and correct. The informant said he had been in the residence within three days and had seen the appellants selling and storing marijuana and Quaalude there. This affidavit is sufficient. *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723; *Dishman v. State*, 3 Tenn.Cr.App. 725, 460 S.W.2d 855; *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

■ In attacking the execution of the warrant, the appellants urge that it was

Jay Fred Friedman, Memphis, for appellants.

R. A. Ashley, Jr., Atty. Gen., and Robert A. Grunow, Asst. Atty. Gen., Nashville, Le-

untimely in that it was issued August 7 but executed August 10. When the officer at trial undertook to explain the delay, the defense counsel objected to his attempt to tell a conversation between him and the informant. The conversation was on the reasonableness of the delay, not to the truth of the matters in the conversation, and was not hearsay as claimed. The appellants are responsible for the lack of evidence in the record on the delay and cannot complain.

The appellants say the seizure of items not specified in the warrant violated the constitutional ban against general warrants. They object particularly to checks, bank documents, personal letters and narcotics paraphernalia because they were not described in the warrant.

In *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), the United States Supreme Court upheld the seizure of items not specifically mentioned in the search warrant where they were relevant to the crime suggested by the warrant.

The warrant here suggested that the appellants were in possession of and selling illegal drugs. The relevance of the evidence seized is apparent. The identifying bank and personal documents were relevant in establishing proof of possession of the premises and ultimately of the drugs. The drug paraphernalia went to the proof that drugs were kept on the premises. All evidence was properly seized.

Both appellants challenge the sufficiency of the evidence to convict them. We therefore consider that evidence.

Sergeant Baker, of the Metro Narcotics Division of the Shelby County Sheriff's Office, and several other officers arrived at 964 East Holmes where Sergeant Baker knocked and was admitted into the house by Armstrong. Sergeant Baker then gave him a copy of the search warrant and the officers proceeded with the search. Five people were at the house, the appellants, one Darwin Treece and two women.

In the northeast bedroom, officers found Treece in bed. They searched his clothes and then found approximately 28 tablets of methaqualone in a plastic bag underneath the mattress. This is the legend drug for which Armstrong was convicted. On the dresser there were scales, a grassy substance that appeared to be marijuana and an oily substance in a vial. Also on the dresser there were a number of personal papers bearing Armstrong's name, including his checkbook, a bank statement and two letters. Three of these papers gave his address at a different location from the searched premises as did Armstrong himself when arrested. Following his arrest, Armstrong went to the closet in this bedroom and got his clothes. Treece got no clothes from the closet. One envelope found in the southeast bedroom was addressed to both appellants at the searched premises.

In the southeast bedroom officers found Crump in bed with a woman. At the trial one Henry Burks testified that he and his girl friend were there in the bedroom but officers testified that he arrived later. In that bedroom the officers found a bottle containing about 100 LSD tablets in a jewelry box and an empty Quaalude bottle. Crump was convicted for the possession of these LSD tablets with intent to sell them.

Crump's photograph was on the dresser in this southeast bedroom as were some personal papers. After *Miranda* warnings he gave his address as that of the premises searched.

In a clothes dryer in the carport an officer found a plastic bag containing approximately one-half pound of marijuana. Both appellants were convicted of possessing this marijuana with intent to sell.

The appellants did not testify or offer evidence to show that they were not in possession of these premises or in explanation of the possession. Crump's admission that this was his residence places him in possession of the LSD in his bedroom and the marijuana in the clothes dryer. One having possession of the premises where contraband is found is presumed to be in possession of that contraband. *Anderson v. State*, Tenn.Cr.App., 512 S.W.2d 665.

Although Armstrong made no admission as to his possession of the premises, his

personal papers and clothes were located in the room where the legend drug was found. The fact that Treece was in this room does not negate Armstrong's possession. *Anderson, supra.*

■ We hold that a jury question was presented as to the ownership of the drugs and marijuana. From the evidence the jury was warranted in believing that the appellants were in joint occupancy of the premises. *Berry v. State,* Tenn.Cr.App., 474 S.W.2d 668. The marijuana was found in a place which both would be expected to use and control. The other drugs were in the rooms where they kept their clothes and personal effects. The three verdicts are supported by legally sufficient evidence.

■ We find no merit in the assignments that the court erred in permitting two police officers to identify the drugs and a toxicologist to testify as to her tests. Both officers were schooled and experienced in narcotics investigation and detection. The court did not abuse its discretion in permitting them to identify the drugs. The toxicologist who conducted the chemical analysis was qualified to testify. *Wade v. State,* Tenn.Cr.App., 529 S.W.2d 739.

■ Crump contends the chain of custody of the LSD was not proved. The vial containing it was not marked on account of its small size. It was, however, placed inside an empty bottle and stored with the other marked items and locked until tested and then returned to police to be again locked until trial. We find no abuse of the trial judge's discretion in holding the chain of possession shown. *Ritter v. State,* 3 Tenn. Cr.App. 372, 462 S.W.2d 247.

■ Also meritless is the contention that a rough sketch of the premises should not have been admitted into evidence. It was not claimed to be drawn to scale. The dimensions of the house were not an issue and this sketch merely illustrated the general locations where the contraband was found. See *Barrett v. State,* 190 Tenn. 366, 229 S.W.2d 516.

■ Finally, the appellants contend the court erred by instructing the jury on parole in violation of *Farris v. State,* Tenn., 535 S.W.2d 608 (1976). This question was raised by the new trial motion.

The punishment for possession of a legend drug for which Armstrong was convicted is imprisonment not to exceed one year and a fine not to exceed $1500, or both. Although the jury fixed his punishment at 11 months and 29 days in the workhouse it imposed no fine.

The punishment for possession to sell marijuana is one to five years and, in addition, on conviction, a fine of not more than $3000 may be imposed by the jury. Although the jury doubled the minimum, it levied no fine.

The penalty for possession of LSD with intent to sell is five to 15 years and, in addition, the jury may fix a fine up to $18,000. Although the jury fixed the imprisonment at six to ten years, it levied no fine on Crump.

*Farris* holds that "every tub must stand on its own bottom." Under those principles we think the error was harmless.

All assignments are overruled and the convictions are affirmed.

DWYER and TATUM, JJ., concur.