**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**JULY SESSION, 1998**



**FILED**

**September 30, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** ) | |
| ) | **No. 01C01-9707-CC-00444** |
| **Appellee** ) | |
| ) | **DICKSON COUNTY** |
| **vs.** ) | |
| ) | **Hon. Robert Burch, Judge** |
| **DEMARIO HILL,** ) | |
| ) | **(Possession of Cocaine in** |
| **Appellant** ) | **excess of .5 grams with intent** |
| | **to sell and possession of drug** |
| | **paraphernalia)** |


For the Appellant:                      For the Appellee:

**Clifford K. McGown, Jr.**              **John Knox Walkup**
113 North Court Square                  Attorney General and Reporter
P. O. Box 26
Waverly, TN  37185                      **Janis L. Turner**
                                        Assistant Attorney General
(ON APPEAL ONLY)                        Criminal Justice Division
                                        425 Fifth Avenue North
**Shipp R. Weems**                       2d Floor, Cordell Hull Building
District Public Defender                Nashville, TN 37243-0493

**Carey Thompson**
Asst. District Public Defender
P. O. Box 160
Charlotte, TN  37036-0160               **Dan Mitchum Alsobrooks**
                                        District Attorney General
(AT TRIAL AND OF COUNSEL
ON APPEAL)                              **Robert Wilson**
                                        Asst. District Attorney General
                                        P. O. Box 580
                                        Charlotte, TN  37036


OPINION FILED: _____


AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Demario Hill[1], appeals as of right from convictions entered by the Circuit Court of Dickson County for possession of cocaine in excess of .5 grams with intent to sell, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor[2]. At the sentencing hearing as a Range I standard offender, the trial court imposed a fine of $2,000 and a ten (10) year sentence in the Department of Corrections for felony possession with intent to sell. This sentence was ordered to be served concurrently with an eleven (11) months and twenty-nine (29) days sentence in the county workhouse for possession of drug paraphernalia. The appellant now raises two issues for our review. First, the appellant contends the trial court erred by permitting the State to introduce evidence of marijuana residue seized during a proper search of the residence. Second, the appellant challenges the sufficiency of the evidence to sustain a conviction for possession of cocaine with intent for resale and possession of drug paraphernalia. Following a review of the record, we affirm the trial court's decision on both issues.

## I. Factual Background

In May of 1996, a narcotics detective with the Dickson County Sheriff's Office maintained surveillance of Rosalind Thompson's residence located at 1020 Evans Road in Burns, Dickson County. Surveillance persisted for four to six weeks approximately four days each week. The detective noted several vehicles in front of

the house that would stay for short periods of time. On Thursday and Friday nights, he witnessed nearly twenty (20) vehicles at the residence.

---

[1] The indictment also charges the appellant under the alias, David Weathers.

[2] A Dickson County Grand Jury returned a three-count indictment against the appellant and a co-defendant, Rosalind Thompson, charging them with one count of possession of cocaine over .5 grams with intent to sell, one count of possession of marijuana, and one count possession of drug paraphernalia.

After procuring a valid search warrant for the stated address, the appellant and Rosalind Thompson were found inside the residence and two other males outside. The appellant was found in the bedroom which connects to the bathroom without his shirt and shoes preparing to take a shower. Upon interviewing the appellant, he told the officers he lived at Rosalind Thompson's house; and she testified at his trial that she was "seeing" the appellant, he was "staying there off and on," and he had spent the night on other occasions. Inside the bathroom in close proximity to the appellant, officers found a plastic bag containing crack cocaine, a small tinfoil packet containing a small amount of crack cocaine, and a homemade crack pipe with cocaine residue.

The two males outside the residence in the driveway were Edrick Weathers, the appellant's brother, and "Anthony" Dwayne Aulston. One was sitting inside a vehicle and the other was standing outside. Thompson testified while she was at work, the two young men and the appellant remained at her house. The officer testified he removed a cellophane packet containing crack cocaine along with two packets of one-inch plastic bags from the washroom located in the carport. The samples of cocaine tested from the residence weighed 2.2 grams and 3.8 grams. Three "roaches" were found in the dining room in the ashtray which the officer testified "appeared" to be marijuana. Elsewhere in the residence, the officer found rolling papers.

At the conclusion of the state's case-in-chief, the appellant's counsel moved for judgments of acquittal on all three counts. The trial court granted the motion with regards to count two of the indictment, possession of marijuana, because the field

test failed to produce positive results; however, the motion was denied as to the other two counts. Without presenting any proof, the appellant rested. The jury found the appellant guilty of both remaining counts.

## I. Introduction of Evidence

First, the appellant contends the trial court erred by permitting the State to introduce evidence of marijuana residue or "roaches" found inside the residence. Initially, the State proceeded to present evidence of the possession of marijuana charge through testimony of the officer. Appellant's counsel objected to the officer's testimony on the ground that the officer was not qualified to determine whether the items identified as "roaches" did in fact contain a Schedule VI controlled substance.

The officer testified he had seventeen years of law enforcement experience including six years on Vice Squad, training at IPTM School, drug identification school, and narcotics investigation schools. Moreover, he had arrested more than five hundred people in Dickson County for narcotics violations ranging from marijuana roaches, crack cocaine, and LSD.

At this point, appellant's counsel reiterated his objection stating, "He can say what it looks like, but he can't say what it is. He didn't perform any field test on it." Appellant's counsel failed to object to relevancy of the evidence, failed to make a request for a jury-out hearing, failed to ask for a motion to strike, or request a curative instruction. Consequently, the trial judge limited the testimony to what the "roaches" appeared to be. In fact, the officer testified that he did perform a field test on the roaches which yielded a negative result. He concluded the test failed because of the age of the marijuana or the THC (tetrahydrocannabinol) level was

low. On cross-examination, the officer stated there was a possibility it was not marijuana. The marijuana was not sent to the TBI crime lab for further testing.

The appellant avers the trial court should have given a curative instruction once the problem had fully developed. If the trial court does not give such an instruction, the appellant must request a curative instruction. State v. Mackey, 638 S.W.2d 830, 835-36 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1982). The failure to request the curative instruction constitutes a waiver of the issue. Mackey, 638 S.W.2d at 835-36; see also State v. Tizard, 897 S.W.2d 732, 747 (Tenn. Crim. App. 1994); State v. Jones, 733 S.W.2d 517, 522 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1987). Here, appellant's counsel did not request a curative instruction after the introduction of the evidence,

4

therefore, the issue was waived.

Nevertheless, when the trial judge granted a judgment of acquittal for count two, possession of marijuana, he, in fact, did instruct the jury that they were not to consider the possession of marijuana since the field test was negative producing reasonable doubt the substance was marijuana. It is well settled in the state of Tennessee that a jury is presumed to have followed a trial court's curative instruction. State v. Lawson, 695 S.W.2d 202, 204 (Tenn. Crim. App. 1985); State v. Blackmon, 701 S.W.2d 228, 233 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1985). Here, the appellant complains from that which he benefitted following the trial court granting his motion for acquittal in count two. The appellant has failed to establish that the jury did not follow this instruction. This issue is without merit.

## II. Sufficiency of the Evidence

Second, the appellant challenges the sufficiency of the evidence to sustain a conviction for possession of cocaine greater than .5 grams with the intent to sell and possession of drug paraphernalia. Following a jury conviction, the initial presumption of innocence is removed from the defendant and exchanged for one of guilt, so that on appeal, the defendant has the burden of demonstrating the insufficiency of the evidence. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). It is the duty of this court to affirm the conviction unless the evidence adduced at trial was so deficient that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). In State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1990), this court held this rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence.

This court does not reweigh or reevaluate the evidence, nor may we replace our inferences for those drawn by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Furthermore, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences

5

which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). A jury verdict accredits the testimony of state's witnesses and resolves all conflicts in favor of the state's theory. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

### A. Possession of Cocaine with Intent to Sell

The appellant argues that although he admitted to living at the residence, Thompson only stated that he stayed there "off and on." Also, the appellant contends there was no evidence of drugs on his person or in the bedroom where he was found by the officers. In order to convict a defendant of possession with intent to sell, the State is required to prove (1) the defendant knowingly possessed cocaine in excess of .5 grams and (2) the defendant's possession was for the purpose of sale. Tenn. Code Ann. § 39-17-417 (a)(4)(c)(1) (1995 Supp.). Possession of a controlled substance can be based on either actual or constructive possession. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). To constructively possess a drug, that person must have "the power and intention at a given time to exercise dominion and control over the drugs either directly or through others." Cooper, 736 S.W.2d at 129 (quoting State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)). Moreover, possession may be actual or constructive, either alone or jointly with others. State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1984); Armstrong v. State, 548 S.W.2d 334, 337 (Tenn. Crim. App. 1976), cert. denied, (Tenn. 1977). If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. A person's mere presence in the area where drugs are discovered does not show possession, and neither will association with the one who is in control of drugs. Cooper, 736 S.W.2d at 129. Pursuant to Tenn. Code Ann. § 39-17-419 (1991), inferences may be drawn of possession with intent to sale from the amount of the controlled substance along with other relevant facts surrounding the arrest.

Through the officers' surveillance, they witnessed numerous cars coming and going from the residence. The appellant admitted to the officers he lived at the residence. He was left alone there

6

while Rosalind Thompson was at work. He shared common facilities and free access to all rooms. The officers found the appellant in the bedroom without his shirt and shoes preparing to shower. In the bathroom, the officers found a plastic bag and a tinfoil packet both containing crack cocaine. In addition, the officers found two packets of plastic bags, one-inch bags, and a cellophane packet containing crack cocaine. Expert testimony from the crime laboratory determined that the total amount of cocaine recovered weighed 2.2 grams and 3.8 grams. These combined factors constitute sufficient proof to permit a rational juror to infer beyond a reasonable doubt that the appellant possessed the cocaine with intent to sell.

### B. Possession of Drug Paraphernalia

The appellant's arguments for this conviction are the same (a) he did not reside in the home and (b) there was no drug paraphernalia on his person nor in the bedroom where he was found. In order to convict the appellant of possessing drug paraphernalia, the state was required to prove beyond a reasonable doubt that he (1) possessed with intent to use, (2) equipment, products or materials, (3) intended for "... packaging, repackaging, . . ., containing, . . ., ingesting, inhaling, or otherwise introducing" a controlled substance into the human body. Tenn. Code Ann. §§ 39-17-402 (12) and -425(a)(1) (Supp. 1995).

The State met its burden of proof that the plastic bags and crack pipe were drug paraphernalia. The same constructive possession analysis above applies here. The officers found the homemade crack pipe in the bathroom where the appellant was proceeding to take a shower. The officers also found two packets of plastic bags and one-inch bags in the laundry room and rolling papers in the residence while he had free access to all rooms of the house. Accordingly, we hold that the record contains sufficient proof from which a rational trier of fact could infer the appellant possessed drug paraphernalia

Although the evidence in this case was circumstantial, a conviction may rest entirely upon circumstantial evidence. See Duhac v. State, 505 S.W.2d 237, 241 (Tenn. 1974), cert. denied, 419 U.S. 877, 95 S.Ct. 141 (1974); State v. Hailey, 658 S.W.2d 547, 552 (Tenn. Crim. App.), perm. to

7

appeal denied, (Tenn. 1983). In order for a conviction to stand based on circumstantial evidence alone, the facts must be "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone." State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991) (citing State v. Duncan, 698 S.W.2d 63 (Tenn. 1985)).  The weight to be given circumstantial evidence and "the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, 456-57 (1958).

In the case at bar, the evidence points unerringly at the appellant.  The only evidence presented at trial to indicate the drugs belonged to some else was the equivocal testimony of Rosalind Thompson.  In view of the prosecution's impeachment of this witness based upon prior inconsistent statements and contradictory testimony offered at trial the jury was clearly entitled to give her testimony little if any weight.   Therefore, the jury could easily infer from all these circumstances and the close proximity of the discovered cocaine and drug paraphernalia to the appellant that his intention was to exercise dominion and control over it.

After a review of the record, we find no error requiring reversal. The judgments of conviction entered by the trial court are affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

8

_____
JERRY L. SMITH, Judge