# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1998

FILED

March 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9803-CC-00071 |
| Appellee, | ) | |
| | ) | TIPTON COUNTY |
| V. | ) | |
| | ) | |
| JOSEPH LEROY SULLIVAN and VICTORIA ALICIA TERAN, | ) | HON. JOSEPH H. WALKER, JUDGE |
| | ) | |
| Appellants. | ) | (POSSESSION OF COCAINE) |

FOR THE APPELLANTS:

**MELANIE E. TAYLOR**
50 North Front State., Ste. 780
Memphis, TN  38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**ELIZABETH T. RICE**
District Attorney General

**JAMES WALTER FREELAND, JR.**
Assistant District Attorney General
302 Market Street
Somerville, TN  38068

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendants, Joseph Leroy Sullivan and Victoria Alicia Teran, appeal as of right their convictions following a jury trial in the Tipton County Circuit Court. Sullivan was found guilty of possession with intent to deliver .5 grams or more of cocaine, possession of drug paraphernalia, and possession of a prohibited weapon. Teran was convicted of possession with intent to deliver .5 grams or more of cocaine and possession of drug paraphernalia. The jury fined each Defendant $25,000.00 for the possession with intent to deliver more than .5 grams of cocaine and $2,500.00 for possession of drug paraphernalia. Sullivan was fined an additional $3,000.00 for the conviction of possession of a prohibited weapon. The trial court subsequently sentenced Sullivan as Range I Standard Offender to eight (8) years and six (6) months for the possession with intent to deliver, eleven (11) months, twenty-nine (29) days for the possession of drug paraphernalia, and one (1) year for the possession of the prohibited weapon. Teran was sentenced as a Range I Standard Offender to eight (8) years for the possession with intent to deliver and eleven (11) months, twenty-nine (29) days for the possession of drug paraphernalia. Teran was granted suspension of her sentence after serving six (6) months. For each Defendant, all sentences were ordered to run concurrently. In this appeal, Defendants argue that the evidence was insufficient to support any of the convictions. After a careful review of the record, we affirm the judgment of the trial court.

The facts presented at trial reveal that on March 7, 1997, officers from the Tipton County Sheriff's department, along with Detective Tarwater of the Shelby

County Sheriff's Department, obtained a search warrant for the residence of Joseph Leroy Sullivan. Upon entering Sullivan's mobile home, the officers encountered Teran coming from the back bedroom. After she had been secured, Sergeant Dan Jones continued the search of the house for both drugs and Sullivan. Sergeant Jones went into the master bedroom where he noticed several guns within arms reach of the bed, including a sawed-off shotgun. The barrel length was later determined to be eight and one quarter inches. Sergeant Jones also noticed a Crown Royal bag on the floor with a white powdery substance inside. This white substance in the bag was later identified as being .7 grams of cocaine. The forensic scientist who tested the white substance testified that she also found a white plastic straw in the Crown Royal bag containing the cocaine. Sergeant Jones further found a "used syringe" in the bathroom. No forensic tests were conducted on the straw or syringe. Sergeant Jones also located a writing tablet in the living room which he and the other officers believed contained records of drug transactions and money owed to Sullivan and/or Teran. As the officer took the tablet and began to read its contents, Teran tried to grab it, telling the officer not to take it because it contained her personal notes.

Sullivan was spotted in a soybean field across from the house about an hour after the search began, and he was then brought back to his home. After being Mirandized, Sullivan asked narcotics investigator Randall Robbins what the officers were doing at his home. The officer explained that they were executing a search warrant, he told Sullivan what they had found, and informed him that he would be arrested. Sullivan began to question the officer about what would happen to Teran. When the officer told Sullivan that Teran would likely be arrested too, Sullivan told the officer that all of the contraband was his and that Teran had nothing to do with

-3-

it. According to Investigator Robbins, neither Defendant indicated that he or she had any medical problems.

### Sufficiency of the Evidence

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Williams, 914 S.W.2d 940, 945 (Tenn. Crim. App. 1995) (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict

approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

First, Sullivan argues that the evidence is insufficient to support a finding that he is guilty of possession of a prohibited weapon. See Tenn. Code Ann. § 39-17-1302. Sergeant Jones found a sawed-off shotgun within arms reach of Sullivan's bed in Sullivan's home. The barrel on that gun was measured at eight and a quarter inches long. The prohibited weapons statute states that a barrel of a shotgun must be at least 18 inches long. Tenn. Code Ann. § 39-17-1301(11). A gun Defendant possessed in his own home which was almost ten inches shorter than the shortest length allowed is sufficient evidence to uphold Sullivan's conviction of possession of a prohibited weapon.

Second, Sullivan and Teran contend that the evidence is not sufficient to support their convictions for possession of cocaine with intent to deliver. Tennessee Code Annotated section 39-17-417(a)(4) provides that it is an offense to "possess a controlled substance with intent to manufacture, deliver or sell such controlled substance." The statute also provides that where the substance is cocaine in an amount equal to or greater than .5 grams, the offense is a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1). Defendants were charged with and convicted of the possession of more than .5 grams of cocaine with intent to deliver. Tests revealed that the actual amount of cocaine found in the Crown Royal bag was .7 grams.

Tennessee law allows a jury to infer from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed for the purpose of selling or otherwise dispensing the drug. Tenn. Code Ann. §

39-17-419. In <u>State v. Larry G. Hart</u>, C.C.A. No. 02C01-9406-CC-00111, Hardin County (Tenn. Crim. App., Jackson, June 28, 1995) (no Rule 11 application filed), the defendant had only one gram of cocaine in his possession, but when that fact was viewed in light of all the circumstances, this Court found that amount to be sufficient to sustain a guilty verdict of possession with intent to deliver or sell. Furthermore, this Court has held that the possession of a beeper and $239.00 in cash, though not criminal offenses in and of themselves, when coupled with the possession of 1.1 gram of cocaine, was sufficient evidence for the jury to conclude that a defendant was guilty of possession of cocaine with the intent to deliver. <u>See</u> <u>State v. Ronald Mitchell</u>, C.C.A. No. 02C01-9702-CC-00070, Lauderdale County (Tenn. Crim. App., Jackson, Sept. 15, 1997) (Rule 11 application denied April 27, 1998). In the instant case, the proof in the record establishes that Defendants had .7 grams of cocaine in their possession. A "used syringe" was found in the bathroom and a plastic straw was found in the Crown Royal bag containing the cocaine. While this evidence might infer that the drug was possessed by Defendants for their own use and not with intent to deliver, the writing tablet that Teran admitted belonged to her was also admitted into evidence. Investigator Robbins testified that he believed the tablet contained descriptions of drugs sold, to whom they were sold, and how much was paid or owed. A rational trier of fact could have concluded that Defendants possessed the cocaine with the intent to deliver.

Although not specifically raised as an issue at trial or on appeal, we should note that we also find sufficient evidence that both Defendants were in *possession* of the cocaine. Possession of a controlled substance may be actual or constructive. <u>State v. Brown</u>, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995); <u>State v. Brown</u>, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); <u>State v. Cooper</u>, 736 S.W.2d 125, 129

(Tenn. Crim. App. 1987). To constructively possess a drug, that person must have the power and intention at a given time to exercise dominion and control over the drugs either directly or through others. Cooper, 736 S.W.2d at 129 (citation omitted). Constructive possession is the ability to reduce an object to actual possession. Brown, 915 S.W.2d at 7; Brown, 823 S.W.2d at 579 (citation omitted). Moreover, possession may be actual or constructive, either alone or jointly with others. State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1984). Having possession of the premises where contraband is found creates an inference that the possessor had possession of the contraband. Armstrong v. State, 548 S.W.2d 334, 336 (Tenn. Crim. App. 1976). A person's mere presence in the area where drugs are discovered does not show possession, and neither will association with the one who is in control of drugs. Cooper, 736 S.W.2d at 129. However, the facts of this case reveal more than mere presence by both Defendants. First, Sullivan was the owner of the trailer from which the contraband was confiscated which creates an inference he possessed the contraband. Sullivan offered no evidence to rebut this inference. In fact, after one of the officers described to him what had been confiscated, he said, "Well, it's mine. . . . What you found is mine." This is certainly enough evidence to show possession by Sullivan. Second, Teran was apprehended coming out of the back bedroom where the cocaine was found. One officer testified that he saw women's clothing strewn about the trailer. Also, Teran admitted to the officers that the writing tablet containing drug transactions belonged to her. This is sufficient to show constructive possession on Teran's behalf. The question of ownership of drugs is a question of fact for the jury. Based on all the foregoing facts, a rational trier of fact could have reached the conclusion that both Defendants were in the possession of at least 0.5 grams of cocaine with the intent to deliver.

Third, Defendants argue that the evidence does not support their convictions for possession of drug paraphernalia. See Tenn. Code Ann. § 39-17-425. They contend that the straw and the syringe were never tested to see if they were actually used to introduce the controlled substance into the body. However, the statute does not require that the paraphernalia to have actually been used. Tennessee Code Annotated section 39-17-402(12) provides that "'[d]rug paraphernalia' means all equipment, products and materials of any kind which are used, *intended* for use, or *designed* for use in . . . injecting, ingesting, inhaling or otherwise introducing into the human body, a controlled substance." (emphasis added). A straw found in the same Crown Royal bag as the cocaine and a syringe found in the adjoining bathroom are sufficient evidence for a rational trier of fact to find both Defendants guilty of possession of drug paraphernalia pursuant to Tennessee Code Annotated section 39-17-425. We also note that the same possession analysis above applies here as well.

The judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOHN EVERETT WILLIAMS, Judge