IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. RICCO DONNELL SUMMERS

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F40191    James K. Clayton, Jr., Judge**

---

**No. M1999-00289-CCA-R3-CD - Decided June 23, 2000**

---

A Rutherford County jury convicted the appellant, Ricco Donnell Summers, of one (1) count of possession with the intent to sell over 26 grams of cocaine and one (1) count of possession of drug paraphernalia. In addition, the Rutherford County Circuit Court, sitting without the jury, found the appellant guilty of one (1) count of possession of a weapon by a convicted felon. The trial court sentenced the appellant as a Range I offender to concurrent terms of ten (10) years for possession with the intent to sell, eleven (11) months and twenty-nine (29) days for possession of drug paraphernalia and two (2) years for unlawful possession of a weapon. On appeal, the appellant contends that: (1) the trial court erred in allowing the state to introduce evidence that the appellant was an occupier of Michelle Fleming's residence after having previously determined, at a hearing on the motion to suppress, that he had no legitimate expectation of privacy in those premises; (2) the trial court erred in charging the jury that they could infer that the appellant, as an owner/possessor of the premises, possessed items found in Fleming's residence; and (3) the evidence is insufficient to sustain his convictions for possession of drug paraphernalia and unlawful possession of a weapon. After reviewing the record before this Court, we conclude that the appellant has waived the issue regarding the state's introduction of evidence that he is an occupier of the premises because he failed to object to this testimony at trial. Furthermore, because the appellant failed to include the transcript for the hearing on the motion to suppress in the record on appeal, this Court is unable to properly review this issue. Moreover, we conclude that the trial court properly charged the jury regarding the "owner/possessor inference." Finally, the evidence is sufficient to sustain the appellant's convictions. Therefore, the judgment of the trial court is affirmed.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court of Rutherford County is Affirmed**

SMITH, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J., joined.

Robert O. Bragdon, Murfreesboro, Tennessee, attorney for the appellant, Ricco Donnell Summers

Paul G. Summers, Attorney General and Reporter and David H. Findley, Assistant Attorney General, attorney for the appellee, State of Tennessee.

# OPINION

## FACTS

On October 11, 1996, officers with the Murfreesboro Police Department executed a search warrant at the home of Michelle Fleming. Officers Tim Higgins and John Jones covered the back windows of the building while the other officers entered the home through the front doorway. When the officers announced their presence and proceeded to enter the residence, Higgins and Jones observed a black male wearing a red sweatshirt open the back window of the home. The man, whom Jones identified as the appellant, then "started frantically slinging" white objects appearing to be crack cocaine out of the window. Officer Jones ordered the appellant to go back inside the residence, and the officers remained with the contraband until it was collected by another officer. The white substance was tested and determined to be 130.1 grams of crack cocaine.

Terry Spence, the officer in charge of executing the search warrant, testified that the appellant, Michelle Fleming, Sheila Frazier and Angela Martin were inside the residence during the search. Spence stated that the appellant and Fleming were romantically involved at the time, and various items of property which appeared to belong to the appellant were found in the home. Officers found men's clothing, commensurate with the appellant's height and weight. A loaded .380 semiautomatic pistol was also found in a bedroom closet. An identification card bearing the appellant's name and picture, a Medicare card, and receipts in the appellant's name for a 1988 Chevrolet van and stereo equipment were also found in the home. Additionally, the police recovered electronic digital scales from the home. Residue found next to the scales tested positive for 0.1 grams of cocaine base. Finally, the police confiscated $233 in cash from the appellant and $58 in cash from Fleming.

Michelle Fleming testified on behalf of the defense at trial. She stated that she leased the premises which the police searched on October 11. According to Fleming, the appellant did not live with her, but was merely at her residence to pick up their son when the search warrant was executed. She testified that she, not the appellant, threw the drugs out of the window.

On cross-examination, Fleming acknowledged that the appellant frequently spent the night at her home and kept some clothing there. Fleming denied ownership of the handgun and the electronic scales and stated that she did not know to whom these items belonged. Fleming further testified that the illegal drugs did not belong to her and that she did not know who brought the cocaine into her home.

The jury found the appellant guilty of one (1) count of possession with the intent to sell over 26 grams of cocaine and one (1) count of possession of drug paraphernalia. The parties submitted Count Three of the indictment to the trial court for its determination, and in a simultaneous bench trial, the court found the appellant guilty of one (1) count of possession of a firearm by a convicted felon.[1] From his convictions, the appellant now brings this appeal.

---

[1] In a jury-out proceeding, the state presented evidence that the appellant had a prior conviction for aggravated assault in 1993.

## POSSESSION OF PREMISES

In his first issue, the appellant contends that the trial court erred in allowing the state to introduce evidence indicating that he was an occupier of Michelle Fleming's residence at the time the search warrant was executed. He argues that the trial court determined at a pretrial suppression hearing that he did not have a legitimate expectation of privacy in the premises searched and, as a result, could not contest the validity of the search warrant. Thus, he maintains that the trial court's determination at the motion to suppress was an adjudication on the merits, and the state was precluded from presenting evidence to the contrary at trial.

Prior to trial, the appellant filed a motion to suppress the drug paraphernalia and the handgun from introduction into evidence at trial on the basis that these items were outside the scope of the search warrant. After a hearing, the trial court concluded that the appellant had no "standing" to contest the validity of the search warrant because he was not a legitimate resident of the premises searched.[2] At trial, however, the state introduced evidence indicating that the appellant frequently resided at the home. Specifically, the state introduced testimony that the appellant's clothing and other items of property were found in the residence and elicited testimony from Fleming on cross-examination that the appellant periodically slept at her home and kept clothing there.

The appellant maintains that, because the issue whether he was a legitimate occupier of the premises was litigated at the suppression hearing, the state was precluded from introducing evidence to the contrary at trial. However, the appellant failed to object to this evidence at trial. It was the obligation of the appellant to enter a contemporaneous objection to the trial court's admission of the disputed evidence, and the failure to do so constitutes waiver of the issue. Tenn. R. Evid. 103(a)(1); Tenn. R. App. P. 36(a); State v. Robinson, 971 S.W.2d 30, 42-44 (Tenn. Crim. App. 1997).

Additionally, the appellant failed to include the transcript from the motion to suppress in the record before this Court. It is well-established that it is the appellant's duty to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993).

The appellant contends that the hearing transcript is not necessary for a proper review of this issue in that the trial court's order "speaks for itself." We do not agree. Once the state contests the "standing" of a defendant to challenge the search at the suppression hearing,[3] the burden falls on the defendant to demonstrate a "legitimate expectation of privacy in the place or property from which the items sought to be suppressed were seized." State v. Transou, 928 S.W.2d 949, 957 (Tenn. Crim.

---

[2] The court also concluded that the handgun and the drug paraphernalia were encompassed within the definition of "contraband" in the search warrant and were, thus, subject to seizure.

[3] Although the transcript of the hearing was not included in the record, it appears that the state contested the appellant's "standing" at the hearing. The trial court's order denying the motion to suppress states, "the State maintains that the defendant was not a legitimate resident of the premises at the time the search warrant was executed and, therefore, has no legal basis from which to make said motion."

App. 1996). Accordingly, it was incumbent on the appellant to establish a legitimate expectation of privacy in the premises searched, i.e., Fleming's residence. Without the suppression hearing transcript, this Court is unable to determine whether the state actively challenged the appellant's "legitimate expectation of privacy" or whether the appellant simply failed to meet his burden by declining to present any evidence on the issue. Indeed, if the appellant presented no evidence at the suppression hearing to establish his privacy expectations in the premises searched, the trial court would have been compelled to conclude that he held no legitimate expectation of privacy in the residence, even though the evidence presented at trial established otherwise. As a result, in the absence of the suppression hearing transcript, this Court is unable to properly review this issue.

This issue has, therefore, been waived.

### "OWNER/POSSESSOR INFERENCE" JURY CHARGE

The appellant contends that the trial court erred in charging the jury that they could infer that the appellant, as an owner/possessor of the premises searched, possessed items seized from Fleming's residence. The trial court instructed the jury that: "there is an inference that when drugs are found on premises in the possession of the Defendant, that those drugs are owned and possessed by the person in possession of the premises." The appellant asserts that, by using the word "Defendant," the instruction impermissibly "direct[ed] the jury to consider only the Defendant as a possible owner/possessor" and "highlight[ed] the jury's focus on the defendant." He further argues that Fleming, as the actual owner/possessor of the premises, is presumed to have owned and/or possessed the contraband found in her residence. Thus, he claims that the instruction lowered the state's burden of proof by merely charging the jury that they could infer that she possessed the contraband, rather than presume so.

Courts of this state have long recognized that having possession of the premises where contraband is found creates an inference that the possessor had possession of the contraband. State v. Transou, 928 S.W.2d at 956; Armstrong v. State, 548 S.W.2d 334, 336 (Tenn. Crim. App. 1976). The instruction given by the trial court was, therefore, a correct statement of the law in this state, and because the evidence presented at trial established that the appellant was a legitimate possessor of the premises, the facts fully supported the instruction.

The appellant argues that by using the word "Defendant," the instruction improperly directed the jury to find him guilty. Jury instructions must, however, be reviewed in the context of the overall charge rather than in isolation. State v. Bolin, 678 S.W.2d 40, 43 (Tenn. 1984). In addition to an instruction that the appellant was presumed innocent, the jury was properly charged that the state must prove all of the elements of the crimes charged beyond a reasonable doubt. After reviewing the entire jury charge, we conclude that the jury was not impermissibly instructed to find the appellant guilty.

Finally, the appellant alleges that the trial court erred by substituting the word "inference" for "presumption" in the instruction. In the context of jury instructions, a mandatory presumption violates due process because it shifts the burden of proof to the defendant. Adkins vs. State, 911 S.W.2d 334, 352 (Tenn. Crim. App. 1995). In State v. Bolin, our Supreme Court held, "the word 'presumption' should not be used, except in instructing on the presumption of innocence. In its place juries may be instructed that a permissible inference may or may not be drawn of an elemental fact

from proof by the State of a basic fact, but that such inference may be rebutted and the inference places no burden of proof on the defendant." 678 S.W.2d at 44-45; *see also* State v. Sensing, 843 S.W.2d 412, 417 (Tenn. 1992).

The appellant insists that Fleming was the actual owner/possessor of the premises and further claims that he should have been given the benefit of the presumption that Fleming, as the owner/possessor of the premises, was in possession of the evidence seized. However, the appellant overlooks that the state presented evidence that he was a joint occupier of the premises with Fleming. Consequently, an instruction that the jury could presume that the owner(s)/occupier(s) of the premises possessed the contraband would not benefit the appellant, but would shift the burden of proof to the appellant and, thereby, prejudice his rights to due process. Thus, under the circumstances the appellant should have little legitimate complaint with respect to this issue.

The trial court properly instructed the jury regarding the "owner/possessor inference." This issue has no merit.

## SUFFICIENCY OF THE EVIDENCE

In his final issue on appeal, the appellant asserts that the evidence presented at trial was insufficient to support his convictions for possession of drug paraphernalia and unlawful possession of a weapon. When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d at 803; State v. Harris, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The appellant contends that the evidence is insufficient to establish that he possessed the handgun or the electronic scales seized from the residence. He alleges that Fleming, as the owner/possessor of the premises, is presumed to possess the contraband found in her residence. He maintains that, because the state failed to present any evidence to rebut this presumption, his convictions for possession of drug paraphernalia and unlawful possession of a weapon can not stand.

It is well-established that "possession" may be actual or constructive. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). Constructive possession occurs when a person knowingly has "'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29 (6th Cir. 1975)). In other words,

constructive possession is "the ability to reduce an object to actual possession." State v. Williams, 623 S.W.2d at 125 (quoting United States v. Martinez, 588 F.2d 495 (5th Cir. 1979)); *see also* State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Moreover, possession may occur either alone or jointly with others. State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). Having possession of the premises where contraband is found creates an inference that the possessor had possession of the contraband. State v. Transou, 928 S.W.2d at 956; Armstrong v. State, 548 S.W.2d at 336. However, mere presence in an area where drugs or paraphernalia are discovered does not show possession. State v. Cooper, 736 S.W.2d at 129.

The state presented evidence at trial that the appellant and Fleming were romantically involved at the time of the search. Various items of property which appeared to belong to the appellant were found in the home. Specifically, officers found men's clothing, consistent with the appellant's height and weight, an identification card bearing the appellant's name and picture, a Medicare card in the appellant's name, and receipts in the appellant's name for a 1988 Chevrolet van and stereo equipment. The officers recovered the loaded .380 semiautomatic pistol from the same bedroom closet where the men's clothing was found, and electronic digital scales were also found in the home. A residue found next to the scales tested positive for 0.1 grams of cocaine base. Additionally, officers observed the appellant throwing approximately 130 grams of crack cocaine from a bedroom window.

Although Fleming testified that the appellant did not live with her, she acknowledged that the appellant frequently spent the night at her home and kept some clothing there. Furthermore, Fleming denied ownership of the handgun and the electronic scales and stated that she did not know to whom these items belonged.

Viewing this evidence in the light most favorable to the state, we conclude that a rational trier of fact could reasonably find that the appellant possessed the handgun and the electronic scales, either alone or jointly with Fleming. Therefore, the evidence is sufficient to sustain the appellant's convictions for possession of drug paraphernalia and unlawful possession of a weapon.

This issue is without merit.

## CONCLUSION

After a thorough review of the record before this Court, we conclude that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.