# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 15, 2002 Session

## STATE OF TENNESSEE v. ROBERT WAYNE HERRON

**Direct Appeal from the Criminal Court for Putnam County**
**No. 98-0294A     Leon Burns, Judge**

_____

**No. M2002-00951-CCA-R3-CD - Filed January 22, 2003**

_____

The Appellant, Robert Wayne Herron, was convicted by a Putnam County jury of felony possession of cocaine with intent to deliver, simple possession of cocaine, and possession of drug paraphernalia. In this appeal, Herron contends that (1) the trial court erred in admitting evidence of his prior drug activity in violation of Tennessee Rule of Evidence 404(b) and (2) the evidence is legally insufficient to support these convictions. After review, we find these contentions are without merit. Although not raised as error, we find Herron's multiple convictions for simple possession and felony possession, stemming from a single cocaine possession, violate principles of double jeopardy. The misdemeanor cocaine conviction is, therefore, merged with the felony cocaine conviction. We remand for entry of judgments of conviction consistent with this holding. Herron's convictions for felony possession with intent to deliver and misdemeanor possession of drug paraphernalia are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

David Neal Brady, District Public Defender; H. Marshall Judd, Asst. Public Defender, for the Appellant, Robert Wayne Herron.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; William Edward Gibson, District Attorney General; and John Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

The events leading to the Appellant's arrest occurred on June 19, 1998, when two Putnam County Sheriff's deputies went to an apartment searching for Kristie Flatt, who had been reported missing by her father. Initially, their knocks at the apartment went unanswered. While waiting down the road, the deputies saw two individuals, later identified as the Appellant and Nancy Maynard, drive up and enter the apartment. The deputies returned to the apartment and, after a discussion with the Appellant, Flatt appeared from another room and advised that she was alright. After leaving the residence, the deputies ran a records check on the registration of the two vehicles parked outside the apartment. The check revealed outstanding warrants for Nancy Maynard and Robert Herron.[1]

The deputies then returned to the apartment for the third time. Approximately fifteen minutes elapsed between the deputies' second and third visits. Upon entering the apartment, they saw a crack pipe and a cigarette box, later found to contain .1 grams of rock cocaine, on an end table. The deputies also encountered the co-defendant, Gary Thomas, who advised that he rented the apartment. Thomas then gave written permission to search the entire apartment. During the search of the sparsely furnished apartment, numerous other incriminating items were discovered in various rooms: (1) in the kitchen, a small pan containing alcohol, a can of alcohol, baking soda, and scouring pads; (2) in the bedroom, drug paraphernalia including a glass pipe, smoking material, and a box of baking soda; and (3) in the bathroom, a plastic bag containing seven individual bags of cocaine in a roll of toilet paper. The seven individual bags were later determined to contain 9.7 grams of cocaine. All four occupants in the apartment were arrested.

On August 18, 1998, the Putnam County Grand Jury returned a three count indictment against the Appellant[2] for: (1) possession of cocaine over .5 grams with intent to deliver, a class B felony; (2) manufacturing a schedule II substance over .5 grams, a class B felony; and (3) possession of drug paraphernalia, a class A misdemeanor. A jury convicted the Appellant on April 30, 2001,[3] of counts 1 and 3 as charged, and on count 2 of the lesser-included offense of simple possession. The Appellant received an eight-year community corrections sentence on count 1 and concurrent sentences of 11 months, 29 days on counts 2 and 3. The trial court subsequently denied the Appellant's motion for new trial on November 15, 2001, with this appeal following.

---

[1] It was later determined that the outstanding warrant was not issued for the Appellant. Rather, it was issued for another man with the same name.

[2] The indictment was also returned against Gary Thomas, Kristie Lynn Flatt, and Nancy Elizabeth Maynard. The record reflects that Thomas pled guilty to facilitating the sale of cocaine and received judicial diversion. Disposition of the charges against the remaining two co-defendants is not shown.

[3] The Appellant was previously convicted on all counts on May 20, 1999. However, these convictions were set aside in May, 2000, pursuant to an order granting the Appellant a new trial due to a Rule 16 violation.

**Analysis**

**I. Rule 404(b)**

The Appellant contends that the trial court erred by permitting the co-defendant, Gary Thomas, to testify about the Appellant's prior acts of drug usage. Specifically, Thomas testified that he and the Appellant regularly used crack cocaine during the four to five-week period they lived together. At the apartment, Thomas stated that they used the cocaine "practically every day, every night." He further stated that he gave the Appellant thousands of dollars, which the Appellant used to purchase cocaine for Thomas and himself. Their agreement was to jointly share all the drugs purchased; "if I had it, you know, it was his; you know, if he had it, I would smoke it." He further stated that various guests in the apartment, particularly young women, were also given drugs. Thomas also testified that they had "cooked" cocaine that morning, and he and the Appellant had both smoked it. Before Thomas was permitted to give this testimony, a Rule 404(b) jury out hearing was held. Following this hearing, the trial court found that the evidence was probative to establish guilty knowledge. The court also found that the prejudicial impact of the Appellant's prior drug use was outweighed by its probative value. Immediately after Thomas testified, the trial court gave the jury a limiting instruction as to the permissible use of the evidence. The Appellant argues that admission of the evidence of his prior drug involvement violated Tennessee Rule of Evidence 404(b) and constituted reversible error. We disagree.

Although Rule 404(b) is generally regarded as being a rule of exclusion, it may equally be viewed as a rule of inclusion, if the prior bad acts or crimes of the accused are admissible for purposes other than to prove character. "Other purposes" have been defined to include: (1) motive; (2) intent; (3) guilty knowledge; (4) identity of the defendant; (5) absence of mistake or accident; (6) a common scheme or plan; (7) completion of the story; (8) opportunity; and (9) preparation. *Collard v. State*, 526 S.W.2d 112, 114 (Tenn. 1975); *see also* Neil P. Cohen, et al., *Tennessee Law of Evidence* § 404.6 (3d ed. 1995). Additionally, the "other purposes" must meet the relevancy requirement of Rule 401; the defined purpose for introduction of the prior bad acts of the accused must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. The issue of consequence before the jury in this case was whether the Appellant did (1) knowingly possess cocaine with the intent to deliver; (2) knowingly manufacture a substance containing cocaine; or (3) intentionally possess drug paraphernalia. We would also note that, even if relevant, the evidence of prior bad acts should be withheld from the jury if the probative value is outweighed by the danger of unfair prejudice or if the evidence would confuse or mislead the jury. Tenn. R. Evid. 403, 404(b)(3). The Appellant asserted at the beginning of the trial that, although he was present at the residence when the arrest was made, the drugs were not his and he "didn't have anything to do with [them]." The proof established that the Appellant had resided at the address approximately four to five weeks prior to the date of his arrest. The co-defendant's testimony of the Appellant's bad acts was limited to the four to five week period in which they shared the residence and of their mutual possession of cocaine and drug paraphernalia, including the purchasing and "cooking" of crack cocaine and its delivery to young women who visited the apartment. Indeed, the

proof established that the cocaine, which is the subject of this prosecution, was "cooked" by the Appellant during the fifteen minute interval between the deputies' second and third visits to the apartment. The cocaine was then smoked by the Appellant and Thomas and delivered to the two female guests for their use.

We agree with the trial court that evidence of the Appellant's prior drug activities was relevant to establish knowledge and intent to possess cocaine on the date in question. *See generally U.S. v. Tomberlin*, 130 F.3d 1318 (8th Cir. 1997) (defendant put at issue both his knowledge of and intent to possess drugs, asserting "mere presence" defense in prosecution for felony possession by admitting occupation of bedroom but denying knowledge of drugs found at residence; thereby, allowing admission of prior drug convictions). Generally, the admissibility of evidence under Rule 404(b) is within the discretion of the trial court. *State v. Dubose*, 953 S.W.2d 649, 652 (Tenn. 1997). We find no abuse of discretion with regard to the trial court's ruling on this issue.

## II. Sufficiency of the Evidence

The Appellant contends that the evidence at trial was insufficient to support the jury's verdict.[4] Specifically, he argues that the State failed to sufficiently corroborate the testimony of Gary Thomas, an accomplice to this offense. It is well-settled that a conviction may not be based solely upon the uncorroborated testimony of an accomplice. *State v. Bigbee*, 885 S.W.2d, 797, 803 (Tenn. 1994). This "very salutary rule" is designed to prevent the "obvious dangers" of allowing a defendant to be convicted solely on the basis of an accomplice's testimony. *Sherrill v. State*, 321 S.W.2d 811, 814 (Tenn. 1959). However, Tennessee law requires only a modicum of evidence in order to sufficiently corroborate the testimony of an accomplice. *State v. Copeland*, 677 S.W.2d 471, 475 (Tenn. Crim. App. 1984).

With respect to the nature, quality, and sufficiency of the evidence necessary to corroborate an accomplice's testimony, this court has held:

> The rule of corroboration as applied and used in this State is that there must be some evidence independent of the testimony of the accomplice. The corroborating evidence must connect, or tend to connect the defendant with the commission of the crime charged; and, furthermore, the tendency of the corroborative evidence to connect the

---

[4]In his brief, the Appellant presents a two-fold challenge to his sufficiency argument which he frames as follows:

B. Did the Trial Court Err in Not Directing a Judgment of Acquittal Based Upon The Uncorroborated Testimony of a Co-Defendant?

C. Did the Trial Court Err in Not Granting a Judgment of Acquittal Based Upon the Evidence Not Being Sufficient As a Matter of Law to Convict Defendant of Any of the Counts?

With regard to the latter issue, the Appellant argues, "[T]he only evidence that he possessed any illegal drugs or paraphernalia came from a co-defendant, Gary Thomas." Because the Appellant's issue as set forth in "B" and "C" of his brief are clearly interrelated, we address them under the singular issue of sufficiency of the evidence.

defendant must be independent of any testimony of the accomplice. The corroborative evidence must of its own force, independently of the accomplice's testimony, tend to connect the defendant with the commission of the crime. . . . The evidence corroborating the testimony of an accomplice may consist of direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. The quantum of evidence necessary to corroborate an accomplice's testimony is not required to be sufficient enough to support the accused's conviction independent of the accomplice's testimony nor is it required to extend to every portion of the accomplice's testimony. To the contrary, only slight circumstances are required to corroborate an accomplice's testimony. The corroborating evidence is sufficient if it connects the accused with the crime in question.

*State v. Griffis*, 964 S.W.2d 577, 588-89 (Tenn. Crim. App. 1997) (citations omitted). Furthermore, the jury is to determine the degree of evidence necessary to corroborate the testimony of an accomplice. *State v. Chris Billingsley*, No. 01C01-9506-CC-00166 (Tenn. Crim. App. at Nashville, May 16, 1996).

The co-defendant, Thomas, testified that he and the Appellant had shared the apartment for four to five weeks. They had been involved in buying, cooking, and using cocaine over the course of this period. According to Thomas, he provided the money for the cocaine, the Appellant usually purchased and cooked it, and they both possessed it for their mutual use and for use and delivery to others. Thomas further testified that cocaine had been cooked and smoked by both he and the Appellant on the day of their arrest. Thomas testified that he had put the cocaine in the toilet paper roll that day with the intent to smoke it later and that the Appellant was aware the drugs were there.

From a consideration of the proof in the record before us, we find the evidence sufficient to corroborate the testimony of Gary Thomas. The proof reflects that the Appellant told the sheriff's deputy that he did in fact live in the apartment with Thomas. Additional corroboration is found from the fact that the Appellant was seen entering the apartment and was present when the deputies found cocaine and drug paraphernalia. The physical proof corroborates Thomas' statements as well. Drug paraphernalia was found throughout the apartment, including a pan found on the stove as if it had just been used; supporting Thomas' statement that crack cocaine had recently been cooked and smoked. From this evidence, a rational jury could have concluded that the Appellant shared constructive possession of the cocaine in the apartment with Thomas. *See State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981); *State v. Copeland*, 677 S.W.2d at 476. Clearly taken together, these facts give credence to Thomas' statements; thus, the requirement of corroboration has been satisfied. Having found that the accomplice testimony was sufficiently corroborated, the Appellant's argument must fail because, taken in the light most favorable to the State, the evidence was more than sufficient to allow a rational trier of fact to find the essential elements of the offenses beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).

Notwithstanding our finding that the evidence is sufficient, we also find that the multiple convictions for felony possession with the intent to deliver and simple possession violated principles of double jeopardy. Our state and federal constitutions protect a person from being punished multiple times for the same offense. *State v. Mounce*, 859 S.W.2d 319, 321 (Tenn. 1993). Upon review we must first determine whether the Appellant's convictions for count 1, felony possession with intent to deliver 7.9 grams of cocaine found in the bathroom, and count 2, simple possession of .1 grams of rock cocaine, constitute a single offense or a multiple offense.

Although schedule II controlled substances were found in the various rooms of the apartment, they were all found within the same residence. As such, we find that the Appellant's act of possession of a schedule II controlled substance represents a single act and, thus, a single offense. *See State v. Denton*, 938 S.W.2d 373, 378-83 (Tenn. 1996) (reviewing double jeopardy under "same offense" analysis); *see also State v. Rhonda Patricia Mayes*, No. M2001-004230CCA-R3-CD (Tenn. Crim. App. at Nashville, July 18, 2002) (finding that multiple convictions based on possession of cocaine in different parts of the same residence constitutes a single offense). Accordingly, we find under plain error review that the Appellant's multiple convictions for felony possession with the intent to deliver cocaine and simple possession of cocaine are precluded by principles of double jeopardy. *See* Tenn. R. Crim. P. 52(b).

## CONCLUSION

Based on the foregoing, we find that the admission of evidence of prior drug use by the Appellant was proper. Moreover, we find the evidence legally sufficient to support the Appellant's convictions for possession of cocaine in excess of .5 grams with the intent to deliver and for possession of drug paraphernalia. We find as plain error that the Appellant's multiple convictions for felony possession of cocaine and simple possession of cocaine, stemming for a single possession of cocaine, violative of double jeopardy principles. Accordingly, the Appellant's conviction for simple possession is merged with his conviction for felony possession. The sentence imposed for simple possession is vacated. This case is remanded for entry of judgments of conviction consistent with this opinion.

_____
DAVID G. HAYES, JUDGE