STATE of Tennessee, Appellee,

v.

Billy Joe WILLIAMS, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

July 2, 1981.

Permission to Appeal Denied by Supreme Court Sept. 21, 1981.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Jerry Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

Hughie Ragan, Jackson, for appellant.

OPINION

WALKER, Presiding Judge.

The appellant, Billy Joe Williams, along with H. B. Myers, was indicted by the Madison County grand jury and charged in four counts with: (1) Possession of hydromorphone with intent to sell; (2) being a second or subsequent offender, T.C.A. 52–1434; (3) selling hydromorphone; and (4) being a second or subsequent offender, T.C.A. 52–1434. Myers' case was severed and he pled guilty prior to appellant's September 11, 1980, bench trial.

After the trial before the judge, without the intervention of a jury, the appellant was found guilty of all four counts of the indictment and was sentenced to (1) not less

than eight nor more than ten years and fined $10,000; (2) not less than 16 nor more than 20 years and fined $20,000; (3) not less than 8 nor more than 10 years and fined $10,000; and (4) not less than 16 nor more than 20 years and fined $20,000. The trial judge ordered all the sentences to be served concurrently. Williams now appeals to this court.

In the first issue presented for review, the appellant attacks the sufficiency of the evidence. More specifically, the appellant contends that there was no proof that he personally was in possession of or sold hydromorphone and that there was no proof sufficient to establish that he was a second offender within the meaning of T.C.A. 52–1434.

The state's proof, which the trial judge accredited, showed that on December 1, 1978, an undercover agent with the Tennessee Bureau of Investigation was approached by H. B. Myers and asked if he wanted to buy narcotics. The agent agreed and Myers called the appellant. Myers and the agent then proceeded in Myers' car to the parking lot of the Madison South Shopping Center.

After waiting approximately 25 minutes, the appellant entered the parking lot in his Volkswagen Rabbit and parked near Myers' vehicle. Myers received $525 from the agent and went over and entered the appellant's car. Although the agent remained in Myers' car throughout the transaction, he noticed that the inside light of appellant's car was on and both Myers and the appellant were facing downward as though looking at something below the level of the car windows.

After a minute or two, Myers returned to his car and handed the agent 20 Dilaudid tablets. A scientific analysis showed that the tablets were Dilaudid which contained hydromorphone, a schedule II narcotic.

Myers testified that he called the appellant and asked the appellant to meet him at the parking lot because he was afraid that the agent might rob him if the agent thought he had the narcotics or money in his possession. Myers further testified that he had the narcotics in his pocket through-out the entire procedure and that he did not obtain the Dilaudid from the appellant. Myers was impeached by a prior inconsistent statement to the effect that he did obtain the Dilaudid from the appellant. The defendant presented no evidence.

Taking the evidence in the light most favorable to the state, we find the evidence sufficient to justify a rational trier of fact in finding appellant guilty beyond a reasonable doubt of both selling and possession with intent to sell hydromorphone. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As noted by the state on appeal, even if Myers' trial testimony is believed, it establishes that appellant is guilty as an aider and abettor.

As for the proof that the appellant was a second or subsequent offender, the state introduced a certified copy of a judgment from the circuit court of Weakley County which showed that a Billy Joe Williams was convicted on August 14, 1961, of "possessing narcotic drugs." The appellant contends that a prior conviction for simple possession cannot serve as an underlying offense to establish second offender status as defined by T.C.A. 52–1434.

T.C.A. 52–1434 provides:

"(a) Any person *convicted of a second or subsequent violation of the provisions of subsection (a) of sec. 52–1432* may be imprisoned for a term of twice the term otherwise authorized, or fined an amount of twice that otherwise authorized by the provisions of sec. 52–1408-52–1448.

"(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under sec. 52–1408-52–1448 or under any statute of the United States or of any state *relating to the sale or distribution of narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.*" (emphasis supplied)

T.C.A. 52–1432(a) relates to manufacturing, delivering, selling or possessing with intent to manufacture, deliver, or sell a

controlled substance. T.C.A. 52–1432(b) proscribes simple possession. The appellant contends that the emphasized portion of section (a) of T.C.A. 52–1434 proscribes a second or subsequent conviction of T.C.A. 52–1432(a) and that reason would dictate that to have a second offense of T.C.A. 52–1432(1) there must have been a prior conviction of T.C.A. 52–1432(a).

On the other hand, the state contends that section (b) of T.C.A. 52–1434 provides that a prior conviction sufficient to serve as an underlying conviction may be any conviction under sec. 52–1408-52–1448, which naturally includes 52–1432(b), simple possession.

■ Our role in statutory interpretation is to ascertain and give effect to the intent of the legislature. *State v. Doe*, 588 S.W.2d 549 (Tenn.1979). Such legislative intent is to be ascertained primarily from the natural and ordinary meaning of the language used when read in context of the entire statute. *State v. Southland News Co., Inc.*, 587 S.W.2d 103 (Tenn.Cr.App. 1979). Criminal statutes must be strictly construed in favor of the defendant. *Key v. State*, 563 S.W.2d 184 (Tenn.1978).

■ The crux of the present case depends on whether the legislature intended the phrase "relating to the sale or distribution" as emphasized in section (b) of T.C.A. 52–1434 to modify "convicted under sec. 52–1408-52–1448." The state contends that the modifying phrase relates only to "any statute of the United States or any state." Reading the entire statute as a whole, we are inclined to accept appellant's logical reading of section (a) of T.C.A. 52–1434 and, thus, we think the legislature intended to exclude simple possession from serving as an underlying offense to T.C.A. 52–1434, second offender status. The legislature intended the modifying phrase emphasized in section (b) to apply to "convicted under sec. 52–1408-52–1448." To hold otherwise would be to interpret the statute to treat status offenders differently depending merely on whether or not they were previously convicted in this state. In light of this interpretation of T.C.A. 52–1434, we find the evidence insufficient to support a finding that appellant was a second or subsequent offender and we must reverse these findings.

■ Although we have found the evidence insufficient to support second or subsequent offender status, we must at this juncture note several flaws in the application of T.C.A. 52–1434 in the present case. First, the appellant was improperly convicted of being a second offender as though T.C.A. 52–1434 created a separate substantive offense apart from the triggering offense. T.C.A. 52–1434 is merely an enhancement provision, not a criminal offense.

■ Second, the applicable punishment for a violation of T.C.A. 52–1432(a)(1)(B) is imprisonment for not less than four nor more than ten years and a fine not more than $15,000. In the present case, the trial judge, apparently utilizing T.C.A. 40–2707, sentenced the appellant on the triggering offenses to not less than eight nor more than ten years' imprisonment and a $10,000 fine. Upon finding the appellant to be a second or subsequent offender, the trial judge doubled the terms of imprisonment and fines. As the state concedes on appeal, T.C.A. 52–1434 does not authorize the doubling of both the term of imprisonment and the fine. Under the statute, only one or the other may be doubled.

Third, we do not think the legislature intended T.C.A. 40–2707 to be used in addition to T.C.A. 52–1434 for double enhancement. As previously indicated, T.C.A. 52–1434 authorizes a punishment "for a term of twice the term *otherwise authorized,* or fined an amount of twice that otherwise authorized by the provisions of sec. 52–1408-52–1448." (emphasis supplied) We interpret "otherwise authorized" to mean as authorized in sections 52–1408-52–1448. On this point, T.C.A. 52–1434 and T.C.A. 52–1433 are *in pari materia* and must be construed together.

T.C.A. 52–1433 provides:

"Any person eighteen (18) years of age or over who violates subsection (a) of sec. 52–1432 by distributing a controlled sub-

stance to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by twice the fine and twice the term of confinement as otherwise provided for by sec. 52–1408-52–1448. The provisions of sec. 52–1434 shall not apply in such a case."

■ Clearly under T.C.A. 52–1433 the doubling of punishment is limited to a doubling of the punishment as authorized by sec. 52–1408-52–1448. Likewise clear is the fact that T.C.A. 52–1434 cannot be used to enhance punishment when punishment may be enhanced under T.C.A. 52–1433. Thus, regardless of the number of his prior narcotics convictions, a defendant who sells to a minor cannot be punished by doubling the punishment as it is affected by T.C.A. 40–2707. If the legislature had intended T.C.A. 40–2707 to be utilized in conjunction with T.C.A. 52–1434 to enhance the punishment of repeat offenders, it would not have specifically excluded repeat offenders who distribute to minors.

■ In addition to the foregoing misapplications of T.C.A. 52–1434, the trial judge also erred in applying T.C.A. 40–2707 to the substantive offenses. With regard to indeterminate sentences, the minimum sentence may be increased "not to exceed more than twice the minimum sentence as provided by law or the minimum sentence provided by law plus one-half (½) the difference between the minimum and maximum sentence as provided by law, whichever is less." In this case, the trial judge set the minimum punishment on the substantive offenses at eight years' imprisonment, which is double the minimum authorized by T.C.A. 52–1432(a)(1)(B). However, one-half the difference between the minimum sentence (4 years) and the maximum sentence (10 years) for a violation of T.C.A. 52–1432(a)(1)(B) is three years. Thus, the highest minimum sentence applicable under T.C.A. 52–1432(a)(1)(B) as increased by T.C.A. 40–2707 is seven years.

In the next issue presented for review, the appellant contends that his prosecution for possession with intent to sell hydromorphone and selling the same hydromorphone is prohibited by double jeopardy principles. We agree.

■ The test to be applied in determining whether multiple convictions may arise from one transaction is whether each criminal offense, as defined by statute, requires proof of an additional fact which the other does not. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Black*, 524 S.W.2d 913 (Tenn.1975). "Possession" may be actual or constructive. "(C)onstructive possession requires that a person knowingly have 'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' " *United States v. Craig*, 522 F.2d 29 (6th Cir. 1975). "In essence, constructive possession is the ability to reduce an object to actual possession." *United States v. Martinez*, 588 F.2d 495 (5th Cir. 1979). In view of this interpretation of "possession," we find it impossible to conceive of a situation where a defendant could sell narcotics without being in possession, at least constructively, of those narcotics. We reverse and dismiss the conviction under the first count for possession with intent to sell hydromorphone.

■ The appellant's remaining issues, including his allegation of ineffective assistance of counsel, are without merit.

Appellant's conviction for possession with intent to sell hydromorphone and the findings that he was a second or subsequent offender (T.C.A. 52–1434) are reversed and dismissed. Appellant's conviction for selling hydromorphone is affirmed as modified to show imprisonment for not less than seven years nor more than ten years and a $10,000 fine.

TATUM and CORNELIUS, JJ., concur.