# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 8, 2005

## STATE OF TENNESSEE v. MARVIN NORTON

**Direct Appeal from the Circuit Court for Robertson County**
**No. 00-0076     John H. Gasaway, III, Judge**

---

**No. M2002-02906-CCA-R3-CD - Filed August 12, 2005**

---

A Robertson County Circuit Court jury convicted the appellant, Marvin Norton, of possessing twenty-six grams of cocaine with the intent to sell, and the trial court sentenced him to twelve years in the Department of Correction.  In this appeal, the appellant claims (1) that the evidence is insufficient to support the conviction and (2) that he received the ineffective assistance of trial counsel.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined.  JOSEPH M. TIPTON, J., filed a concurring opinion.

William R. Underhill, Springfield, Tennessee, for the appellant, Marvin Norton.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss and Joel Perry, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

Corporal Thad Dorris testified that on February 26, 2002, he was a narcotics agent with the Springfield Police Department and obtained a search warrant for a trailer at 1812½ Park Street.  He and other police officers executed the warrant that evening.  When they arrived at the trailer, one of the officers went to the door and advised the people inside that the police department had received a 911 hang-up call from the residence or that the department had received a report of loud music coming from the trailer.  When someone opened the trailer door, the officers announced that they had a search warrant and went inside.

Corporal Dorris testified that the trailer had two bedrooms and that one of the bedrooms was at the far end of the trailer. The officers found six people inside the trailer, including the appellant, Mario Miles, and Miles' sister, Starletta Jones. At some point, Corporal Dorris saw the appellant and Officer Scott McLean go outside. When they came back inside, the appellant sat down on a couch and Officer McLean went directly to the back bedroom. Officer McLean then told Corporal Dorris that he had found cocaine in the back bedroom and needed a camera. Corporal Dorris went to the bedroom and saw powder cocaine and a small piece of crack cocaine on the floor. He also saw crack cocaine in a sunglasses case in a dresser drawer. In addition to the drugs in the back bedroom, the officers found a set of scales on the kitchen counter. On cross-examination, Corporal Dorris testified that he did not know who owned the trailer but believed Starletta Jones rented it. He stated that he did not find any mail with the appellant's name on it in the home.

Officer Scott McLean of the Springfield Police Department testified that he participated in the execution of the search warrant at 1812½ Park Street on February 26. When the officers went into the trailer, several people were in the living room, and the appellant was in the back bedroom. After Officer McLean found the appellant in the back bedroom, he took the appellant to the living room. The two of them then went outside, and the appellant told Officer McLean that crack cocaine was in the trailer. The appellant also told Officer McLean that if Officer McLean would "flush it," then the appellant would help the police make drug purchases from other drug dealers. The appellant told Officer McLean that he did not want to go to jail and that crack cocaine was in a sunglasses case in a drawer in "his bedroom." Officer McLean testified that he went into the back bedroom and found the sunglasses case in a dresser drawer. He related that the value of the crack cocaine was about $3,500. He stated that he saw clothes hanging in the bedroom closet and that he believed the clothes belonged to the appellant.

On cross-examination, Officer McLean testified that the police also found a set of scales in the trailer but that he did not remember if the police found any baggies. He said that of the six people in the trailer, two of them had prior drug convictions. The police did not arrest anyone on the night of February 26, 2002, and a grand jury did not indict the appellant until November 2002. Officer McLean stated that he tried to get the appellant to assist the police with arresting other drug dealers but that the appellant never provided any valuable information about drug operations in Robertson County.

Donna Flowers, a forensic chemist with the Tennessee Bureau of Investigation Crime Laboratory testified that she tested the substances recovered from the trailer. The substances were cocaine and weighed a total of 29.7 grams.

The appellant testified that Starletta Jones had been renting the trailer and lived there with her brother, Mario Miles. None of the trailer's utilities were in the appellant's name, and he did not live there. When the police arrived on February 26, the appellant was in the bathroom. Officer Scott McLean came to the back of the trailer, put a gun to the appellant's head, forced him to lie down on the bed in the back bedroom, and handcuffed him. Officer McLean told the appellant that the police

had a warrant to search his house. The appellant told the officer that the trailer was not his and that he did not live there.

At some point, the appellant and Officer McLean went outside. Officer McLean told the appellant to make it easy on himself and that if the appellant would help him, he would help the appellant. The appellant testified that the sunglasses case was not his and that he did not know who owned the set of scales. He related that the police did not arrest anyone that night and that he did not know where Mario Miles was currently living. He stated that he bought drugs for the police one time and that he was not indicted for the instant offense until November 2002. He said that he had prior convictions for aggravated burglary and aggravated robbery but that he had never been convicted of a felony drug offense.

On cross-examination, the appellant testified that he did not tell Officer McLean where to find the sunglasses case and that Officer McLean was lying. He denied that he had been selling drugs out of the trailer and stated that he had been unaware that drugs were being sold from the home. He admitted that the police found a pistol on a couch in the trailer, but he said the gun was not his. Finally, he stated that everyone in the trailer had been smoking marijuana that night. The jury convicted the appellant of possessing over twenty-six grams of cocaine with the intent to sell, a Class B felony.

## II. Analysis

### 1. Sufficiency of the Evidence

The appellant claims that the evidence is insufficient to support his conviction. He contends that although he was in the bedroom where the police found the drugs, his mere presence was insufficient to show that he possessed the cocaine. The State claims that the evidence is sufficient to show that the appellant constructively possessed the cocaine. We agree with the State.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the jury as trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Pursuant to Tennessee Code Annotated § 39-17-417(a)(4), it is illegal for an appellant to knowingly possess a controlled substance with the intent to sell the controlled substance. As the appellant notes in his brief, the "mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs." State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, possession of an object can be either actual or constructive. See State v. Transou, 928 S.W.2d 949, 955 (Tenn. Crim. App. 1996). To establish constructive possession, it must be shown that the person accused had the power and intention at a given time to exercise dominion and control over the object directly or through others. See State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). In other words, "'constructive possession is the ability to reduce an object to actual possession.'" Id. (quoting State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)).

In the instant case, Officer McLean testified that when the police entered the trailer, he found the appellant in the back bedroom. He stated that he and the appellant went outside and that the appellant told him cocaine was in a sunglasses case in a drawer in "his bedroom." Corporal Dorris related that when Officer McLean and the appellant came back inside the trailer, Officer McLean went directly to the back bedroom and found the drugs. Officer McLean testified he saw clothes in the bedroom closet and believed them to be the appellant's. Although the appellant testified that he did not live in the trailer, the jury heard this testimony and, obviously, discredited it. We conclude that after examining the evidence in the light most favorable to the State, the evidence is sufficient to support the appellant's conviction for possessing cocaine with the intent to sell.

## B. Ineffective Assistance of Counsel

Next, the appellant claims that he received the ineffective assistance of counsel because his trial attorney failed to call Mario Miles to testify at trial and failed to object to the State's introduction of the search warrant into evidence. The State argues that the appellant has failed to show that he received the ineffective assistance of counsel. We agree with the State.

At the motion for new trial hearing, the appellant testified that the defense's theory at trial was that someone other than the appellant possessed the cocaine. He said that his trial attorney was ineffective because he failed to interview Starletta Jones and Mario Miles. According to the appellant, Starletta Jones could have verified that he did not live in the trailer and that her brother, Mario Miles, owned the cocaine. The appellant stated that Mario Miles also could have testified at trial that the cocaine belonged to Miles. The appellant wrote several letters to his trial attorney, asking his attorney to subpoena witnesses, but the appellant's attorney did not meet with him about potential witnesses. His attorney also did not subpoena the confidential informants mentioned in the search warrant. The appellant related that the search warrant was introduced into evidence at trial and that his attorney was ineffective for failing to object to its introduction.

The appellant's trial attorney testified that he was an assistant public defender and had practiced law for about twenty years. He did not remember discussing Starletta Jones with the appellant. Regarding Mario Miles, the appellant's attorney stated that he did discuss Miles with the

appellant and that the appellant believed Miles would admit to owning the drugs. The appellant's attorney said, however, that Miles was uncooperative and that he would not have called Miles to testify because Miles was a known drug dealer and he did not know what Miles would say at trial. Also, Miles probably would have invoked his Fifth Amendment privilege against self-incrimination and would have refused to testify. The appellant's attorney stated that Miles had allegedly telephoned the police and told them that the cocaine was his. The police asked Miles to come to the police department to give a statement, but Miles never did.

Regarding the residence, the attorney testified that the appellant told him the trailer belonged to Starletta Jones. As to the search warrant, the attorney at first stated that he had objected to the State's introduction of it into evidence. However, after reviewing the trial transcript, he acknowledged that he had not objected. He related that the defense's theories were (1) that any of the people in the trailer could have owned the cocaine and (2) that everyone in the trailer knew the cocaine was in the dresser in the back bedroom. He said that he possibly could have had some of the people who were in the trailer at the time of the search testify to support the defense's theory that everyone in the trailer, not just the appellant, knew that the drugs were in the back bedroom.

The appellant's trial attorney acknowledged that during opening statements, he told the jury that Mario Miles had contacted the police and had told officers the cocaine belonged to Miles. He said that if Miles had testified, he could have questioned Miles about whether Miles had called the police and had admitted to owning the drugs. The attorney also said that he believed he interviewed Starletta Jones before trial but that she was not subpoenaed to testify. The attorney acknowledged that in a letter he received from the appellant before trial, the appellant told the attorney he wanted to subpoena witnesses. Regarding the search warrant, the attorney related that the State had a right to introduce the warrant into evidence in order to show that the police had the authority to execute the search.

The trial court ruled that the defense's theories of the case were reasonable, given the facts and circumstances. Without elaboration, the trial court held that the petitioner did not receive the ineffective assistance of trial counsel.

Initially, we note that the "insertion of ineffective assistance of counsel claims within a motion for new trial essentially transforms the hearing on the motion into a post-conviction proceeding." State v. Kathy Jane Giles, No. W2001-01468-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 294, at *7 (Jackson, Apr. 2, 2002). In an ineffective assistance of counsel claim, the appellant bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the trial court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the trial court's findings of fact the weight of a jury verdict, with such

findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the trial court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, the trial court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

The appellant claims that he received the ineffective assistance of trial counsel because his attorney failed to interview Mario Miles and failed to call Miles to testify at trial. However, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). A petitioner is not entitled to relief on this ground "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Id. at 758. The only witnesses to testify at the evidentiary hearing were the appellant and trial counsel. The appellant failed to present the testimony of Mario Miles. Accordingly, the appellant is not entitled to relief on this ground.

The appellant also claims that he received the ineffective assistance of trial counsel because his attorney failed to object to the State's introduction of the search warrant into evidence. He contends that the warrant was inadmissible because "it contained hearsay, was irrelevant to the facts at issue and made specific reference to the defendant as the individual in possession of the cocaine at 1812½ Park Street, Springfield Tennessee." However, Rule 41(c), Tenn. R. Crim. P., specifically states that "the exact copy of the search warrant and the endorsement thereon shall be admissible evidence." Thus, the appellant also is not entitled to relief on this ground.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE