IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2006

## STATE OF TENNESSEE v. MAURICE SHAW

**Direct Appeal from the Circuit Court for Tipton County**
**Nos. 4692, 4863     Joseph H. Walker, Judge**

_____

### No. W2005-02097-CCA-R3-CD  - Filed October 31, 2006

_____

Maurice Shaw, the defendant, appeals his jury convictions for delivery and possession with intent to deliver over .5 grams of a Schedule II drug (cocaine), both offenses being Class B felonies. The defendant was sentenced as a standard offender to eleven years on each offense. The defendant contends that the evidence was insufficient to support the convictions. Specifically, he contends that no drugs were found on him; that the only eyewitness lacked credibility; and that no foundation was made for identification of the defendant's voice during the drug transaction. Our review indicates that sufficient evidence existed that the defendant did have cocaine in his possession and that the other issues were matters of credibility determination which were resolved by the jury. Accordingly, we affirm the convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Lowe Finney, Jackson, Tennessee (on appeal), and James T. Allison, Memphis, Tennessee (at trial), for the appellant, Maurice Shaw.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin A. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Factual Background

The evidence at trial showed that officers of the Tipton County Sheriff's Office had employed a confidential informant to make drug purchases in the county. On March 29, 2003, the informant was given $100 in $20 denominations, which had been photocopied. The informant was also equipped with a wire transmitter, enabling officers to listen and record the informant's

conversations. After hearing an apparent drug sale from the defendant to the informant, a stop was made of the vehicle driven by the defendant. The stop was conducted by Deputy Mike Rose and assisted by Constable Nick McDivitt. Other occupants in the vehicle with the defendant were Angela Wakefield, who was seated in the passenger seat, and two black males in the rear seat. Deputy Rose found a matchbox on the defendant and placed it on the car hood. Both Angela Wakefield and Constable McDivitt witnessed the defendant drop the matchbox to the ground, and Constable McDivitt stated that the defendant began kicking at the matchbox. Later physical examination and Tennessee Bureau of Investigation (TBI) lab analysis showed that the matchbox contained 3.7 grams of cocaine in rock form. Deputy Rose testified that the informant gave him three small rocks of cocaine received in her purchase from the defendant. These also were subjected to TBI lab analysis, and the finding was that the rocks were 1.1 gram of cocaine.

Angela Wakefield testified that the defendant was driving her car at the time of the arrest. Ms. Wakefield witnessed the informant paying the defendant and receiving drugs in return. She stated that when the officers initiated the stop, the defendant threw the informant's purchase money, three $20 bills, in her lap along with some foil and marijuana. The three $20 bills recovered from Ms. Wakefield matched the photocopied bills. During a later search of the defendant, a set of scales, with metric measurement in grams, was found in his pocket along with $268 in currency.

The defendant, after voir dire, chose not to testify and presented no proof. Based on the above evidence, the jury returned guilty verdicts on both counts of the consolidated indictments.

Sufficiency of the Evidence

The defendant contends that the evidence was insufficient to support his convictions for delivery of .5 grams or more of cocaine and possession of cocaine with intent to deliver .5 grams or more. In support of this contention, the defendant asserts that no drugs were found on him; no foundation was made to show how Deputy Rose could recognize the defendant's voice in the drug transaction; and the only eyewitness to the sale, Ms. Wakefield, had motivation to be less than credible in her testimony. After according the State the strongest legitimate view of the evidence and all reasonable inferences therefrom, we conclude that sufficient evidence was presented and affirm the convictions.

Our standard in reviewing a sufficiency question is "whether considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Reid, 91 S.W.3d 247, 276 (Tenn. 2002). On appeal, the State is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Smith, 24 S.W.3d 274, 279 (Tenn. 2000). A guilty verdict by the trier of fact resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). "Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court does not re-weigh or re-

evaluate the evidence. State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003) (citing Bland, 958 S.W.2d at 659).

> The statutory definitions for the convicted offenses are:
> (a) It is an offense for a defendant to knowingly:
> > (2) Deliver a controlled substance;
> > (4) Possess a controlled substance with intent to manufacture, deliver or sell such controlled substance.

T.C.A. § 39-17-417(a)(2)(4) (2006).

"'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship[.]" T.C.A. § 39-17-402(6) (2006).

A conviction for possession of a controlled substance may be based upon either actual or constructive possession. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). In order to establish constructive possession, it must appear that the person has the power and intention at any given time to exercise dominion and control over the drugs either directly or through others. State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981).

In this case, Deputy Rose testified that he heard the defendant, during the transaction with the informant, say words to the effect of "how much you want?". Later, the informant turned over three rocks of cocaine to Deputy Rose. Ms. Wakefield testified that she witnessed the exchange of drugs and money between the defendant and informant. She further stated that the defendant threw the money at her upon being stopped by the officers. This money matched the previously photocopied bills supplied to the informant.

Deputy Rose testified that he found a matchbox in the defendant's pocket during the initial pat down. The matchbox was placed on the car hood, and the defendant was observed by Constable McDivitt dropping and kicking the matchbox. After it was retrieved, rock cocaine was found inside in an amount over .5 grams. Small digital scales, commonly used by drug dealers, were found on the defendant.

The defendant, on appeal, attacks the credibility of Ms. Wakefield and the lack of testimonial foundation for Deputy Rose to identify the voice of the defendant. However, these considerations of the weight and credibility of witnesses were matters entrusted to the jury. See Bland, 958 S.W.2d at 659. The matchbox containing 3.7 grams of cocaine was originally found on the defendant. No drugs were found on the two individuals in the back seat of Ms. Wakefield's vehicle. In summary, we conclude that sufficient evidence was presented for a rational jury to convict the defendant of both delivery and possession with intent to deliver .5 grams or more of cocaine. We affirm the judgment of conviction.

_____
JOHN EVERETT WILLIAMS, JUDGE