IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

## STATE OF TENNESSEE v. ISEDORE LAMONT PARKS

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-360     Donald H. Allen, Judge**

_____

**No. W2007-02907-CCA-R3-CD  - Filed September 25, 2008**

_____

The defendant, Isedore Lamont Parks, was convicted of simple possession of cocaine, a Class A misdemeanor, and sentenced to eleven months, twenty-nine days in the county jail at seventy-five percent release eligibility, to be served consecutively to a prior sentence. On appeal, he argues that the evidence was insufficient to support his conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, for the appellant, Isedore Lamont Parks.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Jerry Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At the defendant's trial, Sergeant Matthew Hardaway of the Jackson Police Department testified that on January 19, 2007, he and approximately fifteen officers from the narcotics and gang units executed a search warrant at 251 McRee Street. Sergeant Hardaway's role in the execution of the warrant was to secure the outer perimeter of the residence, including the yard area. He said he encountered the defendant, who had a bottle of liquor in his hand, "in the driveway area approaching the yard area, the front of the residence." For safety reasons, the officers ordered the defendant to drop the bottle and get down on the ground where he remained for five to seven minutes while the officers secured the scene. After the defendant was allowed to stand up, Sergeant Hardaway noticed a plastic bag containing crack cocaine and the bottle of liquor near the defendant's feet. Sergeant

Hardaway said that he was about one to three feet from the defendant when he ordered him to get up and that he did not see any cocaine on the ground before he ordered the defendant to get down. Sergeant Hardaway collected the bag of cocaine into evidence, and the defendant was taken into custody. To Sergeant Hardaway's knowledge, the defendant was not a resident of the home where the search warrant was executed.

Special Agent Dana Parmenter with the Tennessee Bureau of Investigation Crime Laboratory testified that her analysis of the evidence recovered from the defendant revealed that the substance was cocaine and weighed 0.7 grams.

The defendant elected not to testify and rested his case without presenting any proof.

## ANALYSIS

The defendant argues on appeal that the evidence was insufficient to support his conviction. Specifically, he argues that Sergeant Hardaway never saw him in possession of the cocaine and that he did not have an "opportunity to throw drugs at his feet, as Hardaway was with him during their entire encounter."

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

To establish simple possession, the evidence must have shown that the defendant "knowingly possess[ed]" the cocaine. Tenn. Code Ann. § 39-17-418(a) (2006). In Tennessee, "'possession' may be either actual or constructive." State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001). To establish constructive possession,

> it must appear that the person has the power and intention at any given time to exercise dominion and control over the drugs either directly or through others. State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981). The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. [State v.] Cooper, 736 S.W.2d [125,] 129 [Tenn. Crim. App. 1987]. Likewise, mere association with a person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs. State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996).

State v. Bigsby, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000).

Viewing the evidence in the light most favorable to the State, the proof at trial showed that police officers encountered the defendant walking through the yard toward the front of the residence where they were executing a search warrant. As a safety precaution, the defendant was ordered to get down on the ground, and, after he was allowed to stand up, a bag of crack cocaine was found near his feet. Sergeant Hardaway testified that he was approximately one to three feet from the defendant, "right on him," when he stood up. Additionally, Sergeant Hardaway testified that he did not see any drugs on the ground prior to ordering the defendant to get down. We conclude that this evidence was sufficient for a rational jury to find the defendant guilty of simple possession of cocaine.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

-3-