# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 25, 2011 at Knoxville

## STATE OF TENNESSEE v. DERRICK D. CRUTCHER

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3143     Steve Dozier, Judge**

---

**No. M2010-00871-CCA-R3-CD - Filed February 15, 2011**

---

A Davidson County Criminal Court jury convicted the defendant, Derrick D. Crutcher, of simple possession of cocaine, in this case a Class E felony, *see* T.C.A. § 39-17-418(a), (e) (2006), and possession of drug paraphernalia, a Class A misdemeanor, *see id.* § 39-17-425(a)(1). In this appeal as of right, the defendant challenges the sufficiency of the convicting evidence. Because the evidence is sufficient, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Charles Walker, Nashville, Tennessee, for the appellant, Derrick D. Crutcher.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 11, 2009, Metropolitan Nashville Police Department ("Metro") Officer Clifton Knight was patrolling the "high crime areas" of the city with his partner, Officer Debbie Phillips, when Officer Knight observed the defendant "and another male . . . conduct a hand to hand drug transaction." Officer Knight testified that he "saw money balled up and another unknown object in [the defendant's] hand." He said that as soon as he observed the transaction, Officer Phillips stopped the car, and the officers apprehended both men. Officer Knight stated that the defendant had a plastic baggie and money in his

hand. According to the officer, the defendant was trying to destroy the object in the plastic baggie by "rolling it up in his hand." After placing handcuffs on the defendant, Officer Knight was able to retrieve the plastic baggie, which contained a substance that "appeared to be" crack cocaine, and a five dollar bill. Field testing of the substance confirmed that it was cocaine base.

At that point, Officer Knight searched the defendant's person incidentally to his arrest and discovered "a crack pipe in his right front pocket." Officer Knight described the "crack pipe" as a metal apparatus fitted with a rubber tip and a Brillo pad that is used to inhale crack cocaine. Officer Knight sealed the cocaine base, baggie, and crack pipe into evidence bags and submitted the cocaine base to the Tennessee Bureau of Investigation ("TBI") for conclusive testing.

During cross-examination, Officer Knight testified that he weighed the cocaine base "at the booking room" and determined a weight of .3 grams. He explained that the scale he used did not provide the official weight and was "just a scale that's available to us in the officers' workroom." He stated that he did not attempt to retrieve fingerprints from the crack pipe or test it for the presence of drug residue. Officer Knight recalled that he returned the five dollar bill to the defendant.

Metro Officer Debbie Phillips testified that she first observed the defendant on the afternoon of August 11, 2009, near Garfield Street with an individual named Tommy Airendal, whom Officer Phillips knew to be banned from housing authority property. She stated that she stopped the patrol car and that she approached Mr. Airendal while Officer Knight approached the defendant. When she heard Officer Knight ask the defendant to open his hand, she saw the defendant "rub his hands together." Shortly thereafter, she observed Officer Knight recover the bagged crack cocaine, the crack pipe, and the five dollar bill from the defendant's person.

During cross-examination, Officer Phillips testified that she stopped her patrol car because she knew Mr. Airendal was "trespassing on MDHA property. He is not a resident nor did he have legal permission to be on that property."

TBI Special Agent and Forensic Scientist Brett Trotter tested the bagged substance recovered from the defendant's person and determined it to be .1 gram of cocaine base.

Based upon the proof presented, the jury convicted the defendant as charged in the indictment of third or subsequent simple possession of a controlled substance and possession of drug paraphernalia. Following a sentencing hearing, the trial court found the

defendant to be a career offender and imposed concurrent sentences of 6 years for simple possession and 6 months for possession of drug paraphernalia. The defendant filed a timely but unsuccessful motion for new trial and a timely notice of appeal.

In this appeal, the defendant challenges the sufficiency of the convicting evidence, arguing that the officers' inconsistent testimony did not sufficiently establish his possession of either the crack or the crack pipe and that the State failed to sufficiently establish that the crack pipe was used to inhale the illicit drug. The State submits that the evidence was sufficient. We agree with the State.

We review the defendant's claim mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

"It is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." T.C.A. § 39-17-418(a)(1) (2006). As charged in this case, "it is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . inhale . . . a controlled substance in violation of this part." *Id.* § 39-17-425(a)(1). The term "possession" embraces both actual and constructive possession. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). For a person to "constructively possess" a drug, that person must have "'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" *Id.* (quoting *State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)). When committed by a person with two or more previous convictions for drug possession, simple possession is a Class E felony. *See* T.C.A. § 39-17-418(e).

The evidence adduced at trial established that Officer Knight removed from the defendant's hand .1 gram of crack cocaine and from the defendant's pants pocket an object that, in both officers' experience, was used to inhale crack cocaine. Although Officer Knight and Officer Phillips gave conflicting testimony regarding the reason for the initial stop of the defendant, both agreed that the defendant possessed the small quantity of cocaine and the crack pipe. The jury obviously accredited this testimony, and it is sufficient to support the defendant's convictions.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE