IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2020

## STATE OF TENNESSEE v. ANTONIO REED

**Appeal from the Circuit Court for Crockett County**
No. 4777     Clayburn Peeples, Judge
_____

### No. W2019-01489-CCA-R3-CD
_____

A Crockett County jury convicted the defendant, Antonio Reed, of possession with intent to sell or deliver .5 grams or more of methamphetamine and introduction of contraband into a penal facility. Following a sentencing hearing, the trial court imposed an effective sentence of ten years in confinement. On appeal, the defendant challenges the sufficiency of the evidence to support his convictions and argues the trial court erred in admitting the drugs and lab report without a proper showing of the chain of custody. After reviewing the record and considering the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

Justin P. Jones, Brownsville, Tennessee, for the appellant, Antonio Reed.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Garry G. Brown, District Attorney General; and Jason Scott and Scott G. Kirk, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

On April 24, 2015, Captain Blake Perry and Captain Jordan Spraggins with the Crockett County Sheriff's Department arrested the defendant for an offense unrelated to the instant appeal. The defendant was then transported to the Crockett County Jail by additional officers, booked, and processed into the jail.

Three days later, the defendant requested that his possessions, which had been placed in a locker in the booking room, be released to family members. Erica Nance, who was working as a jailer at the Crockett County Jail on that date, and her supervisor, Deputy Jonathan Deason, opened the defendant's locker to search his property prior releasing it. Although Ms. Nance testified she believed the defendant's locker was locked prior to the search, she was not certain. As she searched the defendant's shoes, Ms. Nance noticed something in the bottom of one of the shoes under the insole. She handed the shoe to Deputy Deason who observed a bag containing a white crystal-like substance.

Captains Perry and Spraggins were contacted, and they took the bag to the criminal investigation building behind the jail where they performed a field test on the substance, which tested positive for methamphetamine. Following the field test, Captain Perry sealed the evidence in an envelope and placed it in the evidence room. He later transported the evidence to the Tennessee Bureau of Investigation ("TBI") Crime Lab in Memphis for analysis.

Agent Lela Jackson, a controlled substance identification expert with the TBI, analyzed the evidence recovered from the defendant's shoe. Agent Jackson identified the crystal-like substance as methamphetamine with a weight of 13.89 grams. Additionally, the plastic bag containing the methamphetamine was analyzed for fingerprints, and Agent Jackson testified "the examination failed to reveal the presence of any latent print ridged detail." A copy of the lab reports was entered into evidence.

At trial, Captain Perry testified crystal methamphetamine is normally sold in increments of a half gram to a gram on the street, and the street value of the methamphetamine found in the defendant's shoe was approximately $1,400 to $1,500. Captain Perry opined that 13.89 grams of methamphetamine is consistent with possession for resale and not personal use. Additionally, Captain Perry testified the Crockett County Jail is a penal facility which houses approximately fifty inmates.

Although the officer who booked the defendant into the jail did not testify at trial, Ms. Nance, Deputy Deason, Captain Perry, and Captain Spraggins verified the procedures that are followed during the booking process, which includes obtaining fingerprints, asking the inmate if they have anything illegal in their possession, searching the inmate and his possessions, issuing the inmate an orange jumpsuit, and securing the inmate's possessions in a locker in the booking room. The locker is locked, and each of the inmate's possessions is logged into a computer system. Although members of the jail staff have keys to the lockers, inmates are not given a key and are not allowed to return to the booking room after the booking process is completed. However, inmate trustees, along with jailers and correctional officers, have access to the booking room, which is monitored by surveillance cameras.

Following deliberations, the jury found the defendant guilty of possession with intent to sell or deliver .5 grams or more of methamphetamine, a Schedule II drug, and introduction of contraband into a penal facility. The trial court subsequently sentenced the defendant to an effective sentence of ten years to be served consecutive to the defendant's outstanding federal sentence. The defendant filed a motion for new trial, which the trial court denied. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the evidence presented at trial was insufficient to support his convictions. The defendant also contends the trial court erred in admitting the methamphetamine and TBI lab reports over the defendant's objection because the State failed to prove chain of custody. The State contends the evidence is sufficient and the trial court properly admitted the evidence. We agree with the State.

**I.      Sufficiency**

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the following rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus, the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere, and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

## A. Possession With Intent to Sell or Deliver .5 Grams or More of Methamphetamine

It is an offense for a defendant to knowingly possess a controlled substance with intent to manufacture, deliver, or sell the controlled substance. Tenn. Code Ann. § 39-17-417(a)(4). A violation of Tennessee Code Annotated section 39-17-417(a)(4) involving more than .5 grams of methamphetamine is punishable as a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1). "Before a defendant may be convicted of possessing a controlled substance with intent to manufacture, distribute, or sell, the State must prove beyond a reasonable doubt the substance was a controlled substance and the defendant possessed the substance with the intent to manufacture, deliver or sell the substance." *State v. Cooper,* 736 S.W.2d 125, 128 (Tenn. Crim. App. 1987). "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substances were possessed with the purpose of selling or otherwise dispensing." *Id*.

The act of possession may be actual or constructive. *Id.* at 129. "In order for a person to 'constructively possess' a drug, that person must have the 'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" *Id.* (quoting *State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)). In other words, "constructive possession is the ability to reduce an object to actual possession." *Id.* Constructive possession depends on the totality of the circumstances in each case and may be established through circumstantial evidence. *State v. Robinson*, 400 S.W.3d 529, 534 (Tenn. 2013); *see also* Tenn. Code Ann. § 39-17-419 (stating that possession may be inferred from "relevant facts surrounding the arrest"). However, the presence of a person in an area where drugs are found is not, by itself, sufficient to support a finding of constructive possession. *Robinson*, 400 S.W.3d at 534.

Viewed in the light most favorable to the State, the proof at trial revealed Captains Perry and Spraggins arrested the defendant on April 24, 2015, and he was subsequently transported and booked into the Crockett County Jail. The booking process involved a search of the defendant and his property, which was placed in a locker in the booking room. The lockers in the booking room are locked, and only jail employees have access to the keys. Three days later, the defendant requested his possessions be released to family members, and Ms. Nance and Deputy Deason performed a second search of the defendant's

- 4 -

property.  At that time, Ms. Nance discovered a bag containing a white, crystal-like substance in the bottom of the defendant's shoe.  The crystal-like substance was later determined by Agent Jackson to be 13.89 grams of methamphetamine valued at approximately $1,500.

The defendant argues the State did not introduce any proof that he knowingly possessed, either physically or constructively, the methamphetamine found in his shoe. Although the evidence in this case is circumstantial, a rational jury could have found the elements of the offense beyond a reasonable doubt.  The methamphetamine was found in the defendant's shoe, which was locked in a locker after being removed from the defendant during the booking process.  At trial, the defendant argued the drugs were planted in his shoe.  However, by its verdict, the jury rejected this argument and accredited the State's witnesses.  The defendant is not entitled to relief on this issue.

## B.    Introduction of Contraband Into a Penal Facility

At the time of the offense, Tennessee Code Annotated section 39-16-201 provided, in pertinent part, as follows:

(b) It is unlawful for any person to:

(1) Knowingly and with unlawful intent take, send, or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision . . .  any controlled substances or controlled substance analogues . . . .

A person acts "knowingly" with "respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist."  Tenn. Code Ann. § 39-11-302(b).  "A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result."  *Id.*

As noted above, the defendant was incarcerated in the Crockett County Jail when the methamphetamine was found in his shoe, which had been placed in a secure locker in the booking room at the time the defendant was booked into the jail.  The contraband was discovered when the defendant requested his possessions be released to family members. Captain Perry testified the jail was a penal facility which housed approximately 50 inmates. Based on this evidence, a rational jury could find introduction of contraband into a penal facility beyond a reasonable doubt.

Additionally, although the defendant does not argue he lacked the intent to introduce the methamphetamine into the jail, we conclude the evidence is more than sufficient to show intent. The defendant was arrested, transported to the jail, and processed. Ms. Nance testified it was routine for the booking officer to ask an inmate whether he possessed contraband during the booking process. The defendant did not disclose that he had methamphetamine hidden in his shoe. It is clear the defendant knew he was in possession of the methamphetamine at the time of his arrest, knew he was being transported to jail, and had the opportunity to turn the drugs over during the booking process but did not. *See State v. Jeffrey Gallaher*, No. M2014-01232-CCA-R3-CD, 2015 WL 781629, at \*4 (Tenn. Crim. App. Feb. 24, 2015) (upholding a conviction for introduction of contraband into a penal facility where the defendant argued he entered the jail involuntarily and, therefore, there was no intent to introduce the contraband into the jail), *no perm. app. filed*; *State v. Benny Lee Taylor, Jr.*, No. W2012-02444-CCA-R3-CD, 2013 WL 12181028, at \*2 (Tenn. Crim. App. Aug. 6, 2013) (finding the evidence sufficient to support introduction of contraband into a penal facility when the defendant had the opportunity to turn the contraband over during the booking process but failed to do so), *no perm. app. filed*. The defendant is not entitled to relief on this issue.

## II.    Chain of Custody

The defendant argues the trial court erred in admitting the methamphetamine and TBI lab reports without a proper showing of the chain of custody. Specifically, the defendant contends the State presented no proof of who transported the defendant to the jail, booked and processed him, searched him and his belongings, or who placed the belongings in the locker.

Rule 901(a) requires evidence be authenticated or identified as a condition precedent to its admissibility. Tenn. R. Evid. 901(a). "[A] witness must be able to identify the evidence or establish an unbroken chain of custody," but absolute certainty is not required. *State v. Kilpatrick*, 52 S.W.3d 81, 87 (Tenn. Crim. App. 2000) (internal citation omitted). The purpose of this requirement is to "demonstrate that there has been no tampering, loss, substitution, or mistake with respect to the evidence." *State v. Braden*, 867 S.W.2d 750, 759 (Tenn. Crim. App. 1993). The trial court needs only reasonable assurance of the identity and integrity of the item in order to admit it into evidence. *Ritter v. State*, 462 S.W.2d 247, 250 (Tenn. 1970). If the facts and circumstances that surround tangible evidence reasonably establish the identity and integrity of the evidence, the trial court should admit the item into evidence. *State v. Cannon*, 254 S.W. 2d 287, 295 (Tenn. 2008). We review challenges to the chain of custody of evidence under the abuse of discretion standard. *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000).

In the present case, the chain of custody evidence shows the following: Captains Perry and Spraggins arrested the defendant on April 24, 2015. The defendant was then transported to the Crockett County Jail, booked, and placed in the jail population. On April 27, 2015, Ms. Nance and Deputy Deason searched the defendant's locker pursuant to the defendant's request that his belongings be released to family members. Ms. Nance discovered a bag containing a white crystal-like substance under the insole of the defendant's shoe. The bag was given to Captains Perry and Spraggins who weighed the substance and performed a field-test. Captain Perry then sealed the substance in an evidence bag and placed it in the evidence room, where it remained until he transported it to the TBI Crime Lab in Memphis. Following Agent Jackson's analysis, Captain Spraggins retrieved the evidence and maintained possession of it in the evidence room until the trial.

The State provided an unbroken chain of custody between law enforcement gaining possession of the methamphetamine until its analysis by Agent Jackson. Additionally, Captains Perry and Spraggins, the officers who arrested the defendant and placed him in custody, testified the defendant was transported from the scene of the arrest to the Crocket County Jail. Although the officers who transported the defendant to the jail and booked the defendant did not testify at trial, it does not prevent the drugs or lab report from being admissible. Evidence is not necessarily precluded from admission if the State fails to call all of the witnesses who handled it. *See State v. Johnson*, 673 S.W.2d 877, 881 (Tenn. Crim. App. 1984). Instead, Rule 901 is satisfied when the "beginning and ending 'links' of a chain of custody" are presented with no evidence of tampering in between. *State v. Terry Scott*, No. E2003-00360-CCA-R3-CD, 2003 WL 22326980, at *3 (Tenn. Crim. App. Oct. 9, 2003), *no perm. app. filed*.

The testimony presented at trial was sufficient to establish all links in the chain of custody, despite the defendant's assertion to the contrary. Furthermore, while the record is devoid of proof regarding who transported the defendant following his arrest or who booked the defendant into the jail, the defendant has failed to show "that there has been [any] tampering, loss, substitution, or mistake with respect to the evidence." *Cannon*, 254 S.W.3d at 296. As such, it was reasonable and logical for the trial court to conclude the chain of custody had been established, and therefore, the trial court did not abuse its discretion in admitting the evidence. The defendant is not entitled to relief on this issue.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE